PAXTON *et al. v.* BROGAN *et al.*

(*Supreme Court, Special Term, New York County.*   April 24, 1890.)

1. WILLS—REVOCATION OF PROBATE—INJUNCTION.

The surrogate having exclusive jurisdiction, under Code Civil Proc. N. Y. § 2472 *et seq.*, to admit wills to probate, and to revoke probate thereof, an action cannot be maintained to restrain defendant from proceeding before the surrogate to revoke probate of a will, and to admit to probate a later will, on the ground that the limited powers of the surrogate preclude him from considering the question whether defendant is estopped by having received benefits under the first will.

2. PLEADING—DEMURRER—MISJOINDER OF DEFENDANTS.

Code Civil Proc. N. Y. § 488, providing that defendant may demur to the complaint when it appears that "there is a misjoinder of parties plaintiff," or "a defect of parties plaintiff or defendant," does not authorize a demurrer because there is a misjoinder of parties defendant.

Action by Daniel Paxton and John B. Hanchett against Eliza Brogan and others, to restrain a proceeding to obtain revocation of the probate of the will of John Patterson, deceased, theretofore allowed, and for the probate of a a later will.   Defendants demur to the complaint, on the grounds that there is a misjoinder of parties defendant, and that the complaint does not state a cause of action.   For former report, see 8 N. Y. Supp. 872.

Code Civil Proc. N. Y. § 488, provides that "defendant may demur to the complaint when one of more of the following objections thereto appear upon the face thereof:  *   *   *   (5) That there is a misjoinder of parties plaintiff; (6) that there is a defect of parties plaintiff or defendant."

*Booraem, Hamilton & Beckett,* for plaintiffs.   *C. G Moritz,* for defendants.

O'BRIEN, J.   The Code (section 488) does not authorize a demurrer on the ground of a misjoinder of parties defendant, therefore the first ground of demurrer is overruled.

The second alleged ground of demurrer is that the complaint does not state facts sufficient to constitute a cause of action as against the defendant Eliza Brogan.   This ground of demurrer seems to me to be well taken, for the reasons that may be briefly stated.   The complaint asserts no cause of action against Eliza Brogan, and contains no averment showing that she is a necessary or proper party for a complete determination of the action between the plaintiffs and the defendant George W. Patterson.   The gist of the action is to obtain an injunction to prevent the defendant Patterson from proceeding in the surrogate's court to obtain the revocation of a will already probated, and from proceeding to obtain the probate of another and distinct will, executed by the testator at a period subsequent to the will already probated.   The plaintiffs' right to such relief is predicated upon the statement that the defend-

ant Patterson is estopped by his acts, having taken and received benefits under the will probated. As Patterson is the real defendant against whom the allegations in the complaint are made, it is evident that, if a cause of action is not stated as against him, none exists against the demurring defendant Eliza Brogan, who is made a party because she is named as a beneficiary in the will, and against whom no relief or judgment is asked. It remains, therefore, to consider whether a good cause of action is stated as against the defendant Patterson. It is asserted that the surrogate is prevented, by reason of his limited statutory power, from entertaining the defense of an estoppel in the proceeding commenced in the surrogate's court to revoke the will already probated, and to secure the probate of the subsequent will, as hereinbefore stated. In this view as to the surrogate's limited power to do justice between the parties, I do not agree. Upon him has been conferred by statute [1] the exclusive power to probate a will, and to entertain proceedings to secure the revocation of a will already probated. As has been well said by the learned judge in denying an application for an injunction in this case, *pendente lite:* "This court ought not, excepting in a case where the plaintiff would be clearly remediless without resorting to a court of equity, undertake to interfere with the surrogate in the exercise of his jurisdiction." That the plaintiffs are not remediless, and that the surrogate is not powerless to protect the plaintiffs as executors, becomes apparent when we consider the results that would flow, assuming that the defendant George W. Patterson should succeed in revoking the present will, and probating the one now offered. After a revocation of a will an accounting would follow, in which the executors would be protected in reference to any payments made under such will, by directions of those entitled to take thereunder. Again, upon grounds of public policy, the testator is entitled to have his last will probated. When, however, it comes to the distribution of the estate, the surrogate can prevent injustice being done to the executors who have proceeded in the course of such distribution according to the consent and directions of all legatees, devisees, or beneficiaries named in the will, even if it be assumed that he can regard or take notice of the estoppel as a bar or defense. The surrogate, therefore, having ample powers to protect the plaintiffs, and they not being remediless, joined to the reluctance which this court will always show when asked to enjoin the surrogate in matters within his peculiar jurisdiction, seem to me conclusive against plaintiffs' right to an injunction, which is the ultimate relief sought. The facts stated, therefore, not being sufficient to warrant a judgment in plaintiffs' favor, the demurrer must be sustained. Judgment accordingly, with leave to serve an amended complaint, upon payment of costs.

[1] Code Civil Proc. N. Y. § 2472 *et seq.*