(60 App. Div. 293.)

HAMILTON v. CUTTING et al.

(Supreme Court, Appellate Division, First Department. April 29, 1901.)

TRUSTS—TRUSTEES—PROCEEDING FOR DISCHARGE—ACCOUNTING—INJUNCTION—PENDING OTHER PROCEEDINGS.

Where two of the trustees of a decedent's estate had commenced proceedings in the surrogate court for discharge, and a reference as to their accounts had been proceeded with at great expense for over two years, and such proceeding would be rendered valueless unless such accounting were allowed to continue, and the questions as to the correctness thereof determined, and it appeared that, after the commencement of the action for an accounting by an infant beneficiary to remove one of the trustees from office, counsel for such infant and her guardian proceeded before both referees in the pending proceeding, which had been nearly completed without objection, it was error to restrain further prosecution of such proceedings until the determination of the infant's suit.

Appeal from special term, New York county.

Bill by Eleanor Margarette Hamilton, by George B. Morris, her guardian ad litem, against W. Bayard Cutting and others, to restrain them from further prosecuting proceedings at law before the surrogate for their discharge as trustees of the estate of Charles Kennedy Hamilton, deceased. From an order continuing injunction until final hearing, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

George Zabriskie, for appellants.
Thomas Allison, for respondent.

INGRAHAM, J. The plaintiff, as beneficiary of a trust of which the defendants Cutting, Hamilton, and Faber are the trustees, asks in this action that Cutting, Hamilton, and Faber be required to render an account of their proceedings as trustees under the last will and testament of Charles Kennedy Hamilton, Jr., deceased; that J. Eberhard Faber, one of the trustees, be removed from office under the said will, and that the amount to which the said estate was lawfully and equitably entitled under the consolidation of certain corporations be ascertained, and that the said trustees be required to make good that amount to the said estate; that, pending such an accounting, all proceedings on behalf of the defendant Cutting in a proceeding now pending in this court for his discharge as trustee,

and all proceedings on the part of the defendant James G. Hamilton in a proceeding pending in the surrogate's court for his discharge as trustee, be stayed until the hearing and determination of this action. A temporary injunction was granted restraining the defendants Cutting and Hamilton from continuing the proceedings instituted to relieve them as trustees, and not allowing them to account as such until the final determination of this action, and that injunction was continued, and from the order continuing the injunction this appeal is taken.

It appears from the papers that the defendant Cutting has for nearly three years been endeavoring to resign as trustee, and these attempts have been persistently opposed by those representing the infants; that the defendant Hamilton has also resigned as trustee; that in May, 1899, his account was filed, and they are now on investigation before a referee. The accounting of Mr. Cutting has proceeded before a referee since January 11, 1900. On that day his account was filed, and the reference has since proceeded. Mr. Cutting and his co-trustees have been examined, and other witnesses examined on behalf of the trustees and on behalf of the plaintiff, and the proceedings had upon both of these references, extending over two years, will be rendered valueless, and the expense thereof lost, unless the accountings are allowed to continue, and the questions as to the correctness of the trustees' accounts therein are determined. After the commencement of this action, the counsel who are representing this infant and her guardian ad litem proceeded before the referees in the pending proceeding, and it would appear from the papers that both of these accountings have been to a large extent completed without any objection by counsel representing the estate of the infants. I can see no reason why the accounting parties should be compelled to again account in this action, when the questions, so far as these two trustees who now seek to resign are concerned, can be settled in the pending proceedings. In both of the proceedings the trustees ask leave to resign as trustees. No such relief is asked against them in this action, and they certainly should be allowed to prosecute the proceedings that they have instituted, and, if they obtain leave to resign as trustees, as an incident to such resignation proceed with the accounting that is necessary. I can see no justification in restraining these two trustees from prosecuting their application for leave to resign their trust.

It follows that the order appealed from should be reversed, with $10 costs and disbursements, and the motion to continue the injunction denied, with $10 costs. All concur.