SCHLESINGER v. SCHLESINGER et al.

(Supreme Court, Appellate Division, First Department.   July 10, 1913.)

1. COURTS (§§ 200¼, 200½*)—SURROGATE'S COURT—EQUITABLE RELIEF—CONFLICTING CLAIMS.

The Surrogate's Court is without jurisdiction to grant equitable relief, or to decide conflicting claims with respect to a distributive share of an estate.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 476, 477, 479; Dec. Dig. §§ 200¼, 200½.*]

2. EXECUTORS AND ADMINISTRATORS (§ 315*)—DISTRIBUTION—ENFORCEMENT—INJUNCTION.

Where an executor has a disputed claim against the estate of one of the distributees, and has given a bond to secure the payment of all moneys due that estate, he is entitled to a temporary injunction to restrain the issuance of execution for the distributive share due that estate pending a decision as to the merits of his claim; it appearing that the administratrix of the other estate and all the next of kin are insolvent, and that the bond of the administratrix is insufficient to protect the amount claimed.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1298–1314; Dec. Dig. § 315.*]

Appeal from Special Term, New York County.

Action by Leo Schlesinger against Elizabeth Schlesinger and others. From an order denying a motion to continue a temporary injunction, plaintiff appeals. Order reversed, and motion granted.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

Martin L. Stover, of New York City, for appellant.

Alexander S. Bacon, of New York City, for respondent Elizabeth Schlesinger.

---

LAUGHLIN, J. The plaintiff and the defendant Baldwin Schlesinger are the executors under the last will and testament of their father, Abraham Schlesinger, who died on the 18th day of January, 1898; and Mark Schlesinger, whose administratrix is a party defendant was a legatee under the will. On or about the 15th day of July, 1910, Baldwin Schlesinger, as such executor, filed an account of the proceedings of the executors in the Surrogate's Court of the county of New York, and thereafter and on the 24th day of March, 1913, a decree of the Surrogate's Court was duly entered finally settling their accounts. The administratrix of said Mark Schlesinger, deceased, who was the plaintiff's brother, was a party to the accounting proceeding, and by the decree it was adjudged that the executors should pay to her for the estate of said Mark Schlesinger, deceased, the sum of $5,102.69, which was the amount of his share in the estate of his father. When this action was commenced, the defendant administratrix was proceeding to enforce the liability to her of the executors under said decree by issuing execution against them individually; but the execution has been set aside as against Baldwin Schlesinger on the ground that he did not have funds of the estate in his possession to the extent of the amount awarded to the administratrix by the decree.

This action is brought to determine the amount of the liability of the estate of said Mark Schlesinger to the plaintiff under an agreement alleged to have been made by him and three of his brothers the provisions of which are pleaded generally in the complaint, but purport to be set forth in hæc verba in an affidavit in the record. As thus shown, it appears that in consideration of the promises therein recited, which are that plaintiff had advanced money to one Philip Baer in expectation that he would be repaid when Baer should sever his connection with the firm of Leo Schlesinger & Co., whatever his connection therewith might be, and that an action was then pending in which the interest of Baer in said firm was to be determined, and that the four brothers who executed the agreement desired it "equitable, fair and right" that plaintiff should "receive repayment of the proper amount of his advances to said Philip Baer in the event that he shall be unable to enforce collection of the same out of said business" and of the further consideration of $1 paid to each of them the deceased Mark Schlesinger and his three brothers severally agreed to pay to the plaintiff out of their respective interests in the estate of Abraham Schlesinger, deceased, of which the copartnership business of Leo Schlesinger & Co. formed a part, one-quarter of the amount advanced by him to one Philip Baer, in the event that said Baer should not succeed in establishing a right, claim, or interest to a share in said copartnership business, and in the further event that the plaintiff should be "unable to enforce collection of the same out of said business," and to have it adjudged that the plaintiff is entitled to retain from any sums in his hands as such executor the sum of $10,000, which he alleges is the amount of the indebtedness of the administratrix of Mark Schlesinger, deceased, under and by virtue of said agreement on account of the moneys so advanced by him to said Baer, and to have said administratrix enjoined and restrained from enforcing

collection of the amount awarded to her by the decree of the Surrogate's Court, until the amount found due from her to the plaintiff in this action shall be fully paid and discharged, and to enjoin payment to said administratrix by the defendant Baldwin Schlesinger, as executor, in the meantime.

The plaintiff alleges that said administratrix is financially irresponsible, and that the bond given by her as administratrix was only in the sum of $1,000, and that none of the heirs or next of kin of her intestate are of sufficient financial responsibility to respond for the amount due to the plaintiff from the estate of Mark Schlesinger, deceased, as aforesaid. The plaintiff also alleges that, since the accounting proceeding was commenced in the Surrogate's Court, he has paid said administratrix sums aggregating $3,000 to be applied upon any amount due to her as such administratrix, and that no part of this sum has been repaid or has been allowed upon the amount found due from the estate of Abraham Schlesinger, deceased, to said administratrix, as aforesaid. It appears that in an action duly brought in the Supreme Court to determine the liability of said firm to the estate of Abraham Schlesinger, deceased, and for an accounting, to which action said Baer was made a party defendant upon the theory that he was a copartner, or had an interest in the business, a final decree has been entered by which it has been adjudged that he was not a partner and has no interest in said firm, and that decree was affirmed on an appeal to this court and to the Court of Appeals. Schlesinger v. Baer, 143 App. Div. 907, 127 N. Y. Supp. 1143, affirmed 205 N. Y. 605, 98 N. E. 1115. Neither Mark Schlesinger, deceased, in his lifetime, nor his administratrix, was a party to that action, and therefore his liability, or that of his estate, to the plaintiff under said agreement could not have been, and was not, determined in that action. The agreement upon which plaintiff's action is predicated is repudiated and liability thereunder is disclaimed by said administratrix. It is not, as I read the record, denied that he executed the agreement; but it is contended that it was without consideration, and was fraudulent and void. The learned counsel for the appellant contends that the Surrogate's Court was without jurisdiction to pass upon the validity of said agreement, or to determine the amount owing to plaintiff thereunder on account of the interests of his brothers in the estate of their father, and that he requires the aid of a court of equity to prevent the levy of the execution upon his personal property, and a sale thereof, under the decree of the Surrogate's Court, which would leave him remediless with respect to his rights under the agreement, for the reason that he would be unable to realize upon any judgment that he might recover against said administratrix, either individually or in a representative capacity.

[1] It is well settled that the Surrogate's Court is without jurisdiction to grant equitable relief, or to decide conflicting claims with respect to a distributive share of an estate. Matter of Wagner, 119 N. Y. 28, 23 N. E. 200; Matter of Randall, 152 N. Y. 516, 46 N. E. 945; Stilwell v. Carpenter, 59 N. Y. 414; Bevan v. Cooper, 72 N. Y. 317; Sanders v. Soutter, 126 N. Y. 200, 27 N. E. 263.

[2] It is manifest, therefore, that, if the plaintiff's claim has any

merit, he is entitled to a temporary injunction, in order that his rights may be protected. We are of opinion that the questions with respect to the validity and enforceability of the agreement should be left for decision upon the trial of the issues. The plaintiff has given an undertaking for the payment of the full amount awarded in behalf of the administratrix by the Surrogate's Court, together with costs, and for any damages which may be sustained in consequence of the granting of the injunction order. We are of opinion that the plaintiff was entitled to the injunction.

It follows that the order should be reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur.

