Werner, J.
 

 In March, 1910, Alexander McDonald died intestate. His only surviving next of kin were two granddaughters, Laura McDonald Stallo and Helena McDonald Stallo, who were children of McDonald’s deceased daughter and both of whom were then minors. Their father, Edmund K. Stallo, was their guardian and under the statute (Code Civ. Pro. sec. 2660) he was entitled, as such guardian, to letters of administration
 
 *271
 
 upon the estate of McDonald. Letters were issued to him on April 1st, 1910, under which he qualified and served as sole administrator until October 18th, 1910, when the surrogate issued further letters to the Metropolitan Trust Company authorizing it to act “in conjunction with Edmund K. Stallo, the heretofore appointed administrator, ” in the administration of the McDonald estate. The two administrators served together until December 23rd, 1910, when the letters of Stallo were revoked, and from that time forth the Metropolitan Trust Company served as sole administrator until August 13th, 1913, when its letters were.also revoked by an order of the surrogate granted upon the petition of Laura McDonald Stallo, who had meanwhile attained adult age. The trust company appealed to the Appellate Division, where the order of the surrogate was reversed and the proceeding remitted to the surrogate with directions to proceed in accordance with the opinion of Mr. Justice Scott, who wrote for a majority of the Appellate Division. The petitioner, Laura McDonald Stallo, thereupon obtained permission to take this appeal upon the following certified questions:
 

 1. Did the right of the Metropolitan Trust Company of the City of ¡New York to act as the administrator of the estate of Alexander McDonald, deceased, terminate
 
 ipso facto
 
 upon the revocation of the letters of administration issued to the co-administrator, Edmund E. Stallo ?
 

 2. Did the right of the Metropolitan Trust Company to act as administrator of the estate of Alexander McDonald, deceased, become voidable at the election of the next of kin of said McDonald upon the revocation of the letters of administration previously issued to Edmund E. Stallo ?
 

 3. Was the surrogate authorized, upon the revocation of the letters of administration previously issued to Edmund E. Stallo upon the estate of said McDonald, to revoke for that reason alone, and not for any reason speci
 
 *272
 
 fied in section 2685 of the Code of Civil Procedure, the letters of administration issued to the Metropolitan Trust Company as co-administrator ?
 

 4. Did the Metropolitan Trust Company of the City of New York become incompetent or disqualified to act as administrator of the estate of Alexander McDonald, deceased, within the meaning of subdivision 1 of section 2685 of the Code of Civil Procedure, upon the revocation of the letters of administration previously issued to Edmund K. Stallo ?
 

 This appeal brings up for review the questions so certified and no others. (Code Civ. Pro. § 190, subd. 2.) For the purposes of this discussion we may consider the first three certified questions as presenting the single inquiry whether the letters of administration issued to the Metropolitan Trust Company were rendered nugatory by the revocation of the letters previously issued to Edmund K. Stallo. We think not. Surrogates’ Courts are courts of statutory creation and limited jurisdiction. They have only such powers as are expressly conferred upon them by law or by necessary implication from the language of the law. In the case at bar we are not concerned with the regularity of the appointment of the Metropolitan Trust Company.to act in conjunction with Stallo in the administration of the McDonald» estate, for that question has not been certified to us. For the purposes of this appeal it is enough to say that the surrogate assumed to act under the statute which provides that
 
 “
 
 administration may be granted to one or more competent persons, although not entitled to the same, with the consent of the person entitled to be joined with such person or persons; which consent must be in writing, and filed in the office of the surrogate.” (Code Civ. Pro. sec. 2660.) Assuming, therefore, that the letters to the trust company were regularly issued, • the question is whether they were thereafter abrogated by the revocation of the letters previously issued to Stallo. The argu
 
 *273
 
 ment of appellant’s counsel is that letters of administration issued to one who is not entitled thereto do not survive the revocation of letters granted to one who is entitled thereto. We find no such limitation in the statute, and we think that letters of administration once properly issued can only be revoked under some power which the law has conferred upon Surrogates’ Courts. Ample support for this view is to be found in the provisions of the statute prescribing the causes for which executors or administrators may be removed and the methods by which such removal may be effectuated. (Code Civ. Pro. sec. 2685.) This section enumerates the various grounds upon which letters testamentary or of administration may be revoked. Without attempting to specify them it may suffice to say that they do not grant to Surrogates’ Courts any power to remove an administrator on the sole ground that the letters of a co-administrator have been revoked, and the practice in this respect is indicated by the language of another section of the surrogate’s law which provides that where letters are revoked as to one of two or more executors or administrators,
 
 “
 
 a successor to the person,' whose letters are revoked, shall not be appointed, except where such an appointment is necessary, in order to comply with the express provisions of a will; but the others may proceed and complete the administration of the estate, pursuant to the letters, and may continue any action or special proceeding, brought by or against all.” (Code Civ. Pro. sec. 2692.)
 

 The learned surrogate who granted and revoked these letters evidently proceeded upon the idea that, in issuing letters to the Metropolitan Trust Company in conjunction with Stallo, he was acting in the exercise of a discretion vested in him by the provisions of section 2660 of the Code of Civil Procedure, and that letters thus granted as ■ a matter of discretion could also be thus revoked. We may assume that the Surrogate’s Court had power to deny
 
 *274
 
 the application of the trust company for letters of administration, but it does not follow that it had the same power to revoke. The provisions' of the statute (Sec. 2685) are plainly opposed to any such view. We think that when letters had been issued to the Metropolitan Trust Company, and it had entered upon the performance of its trust, it could only be removed for one of the causes enumerated in the statute (Sec. 2685); and we further conclude that the revocation of the letters to Stallo did not affect the right of the trust company tp continue as administrator (Sec. 2692). The foregoing considerations dispose of the first three certified questions, which must all be answered in the negative. The right of the Metropolitan Trust Company to act as administrator of the estate of Alexander McDonald did not terminate
 
 ipso facto
 
 upon the revocation of the letters of administration previously issued to its co-administrator, Edmund K. Stallo; neither did such right become voidable at the election of the next of kin of McDonald upon the revocation of Stallo’s letters; neither was the surrogate authorized to revoke the letters of the trust company for no other reason than that the letters to Stallo had been previously revoked.
 

 The fourth certified question must also be answered in the negative since it calls for a categorical answer to the inquiry whether the Metropolitan Trust Company became incompetent or disqualified to act as administrator within the meaning of subdivision 1 of section 2685 of the Code of Civil Procedure upon the revocation of the letters previously issued to Stallo. That part of section 2692 of the Code of Civil Procedure which we have quoted plainly directs that where the letters of one of two or more executors or administrators are revoked, there shall be no appointment of a successor to the person whose letters are thus revoked, except where such an appointment is necessary in' order to comply with the express terms of a will.
 

 
 *275
 
 The opinion of the surrogate, which is a part of the record, shows that although he assumed to revoke the Letters of the trust company in the exercise of the discretion which he thought he had, he did discuss at length the allegations of the petitioner charging the trust company with dereliction of duty, and with such hostility of interest as to furnish sufficient grounds for the revocation of its letters. That is an issue which is not before us upon the certified questions, and it is one upon which the surrogate had no power to act without making findings of fact and conclusions of law.
 

 The order of the Appellate Division should be affirmed, with costs, and each of the four certified questions should be answered in the negative.
 

 Willard Bartlett, Oh. J., Hiscock, Chase, Collin, Cuddeback and Hogan, JJ., concur.
 

 Order affirmed.