## In re ORLANDO'S ESTATE.

(Surrogate's Court, Albany County. June 17, 1914.)

1. EXECUTORS AND ADMINISTRATORS (§ 35*)—REVOCATION OF LETTERS OF ADMINISTRATION—GROUNDS.

Under Code Civ. Proc. § 2685, enumerating the grounds for the revocation of letters of administration, letters of administration properly issued to the consul representing a foreign country for the administration of the estate of a decedent dying intestate, leaving surviving a widow and minor child, residents and subjects of the foreign country, cannot be revoked on the widow coming with her child to the state and taking up her residence therein.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 227–262; Dec. Dig. § 35.*]

---

2. EXECUTORS AND ADMINISTRATORS (§ 26*)—BONDS.

    Where a foreign consul appointed administrator of a decedent leaving surviving a widow and minor child, residents of the foreign country, was not required to give bonds, but, after the issuance of letters of administration, the widow and child became residents of the state, the consul should give an administrator's bond because the distribution of the estate must be made under the direction of the court.

    [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 144–170; Dec. Dig. § 26.*]

Proceedings by the widow of Vincenzo Orlando, deceased, for the revocation of letters of administration, and for the issuance of letters to her. Denied, but administrator required to give bond.

Charles E. Brennan, of Albany, for petitioner.

Countryman, Nellis, Du Bois & McDermott, of Albany (Thomas F. McDermott, of Albany, of counsel), for administrator.

VANDERZEE, S. The decedent Vincenzo Orlando died December 8, 1913, intestate, leaving him surviving a widow and a minor child, residents and subjects of the kingdom of Italy. The decedent at the time of his death was a resident of this county and an Italian subject.

[1] On December 22, 1913, letters of administration were issued to Germano P. Baccelli, the consul representing the Italian kingdom in this county. Thereafter the widow of the decedent came to this country, took up a residence here, bringing with her the minor child, and now petitions a revocation of the letters granted to the consul and that letters issue to her. The petition asks revocation for the reason that she now has a prior right under the statute and that letters were granted without notice to her.

That the letters were properly awarded to the consul is not questioned. The issue is: Should such letters now be revoked because the widow, who was not qualified to receive them when they were granted, now has come within the jurisdiction, thereby removing her disqualification by alienage?

In the Matter of McDonald, 211 N. Y. 272, 105 N. E. 407, recently decided by the Court of Appeals, it is said:

"Letters of administration once properly issued, can only be revoked under some power which the law has conferred upon Surrogates' Courts."

None of the causes for removal enumerated in section 2685 of the Code is alleged or proven. The McDonald Case is controlling and makes any extended discussion unnecessary. The application of the widow must be denied.

[2] Upon the argument and in his brief the administrator offers to file security for faithful performance and obedience to lawful decrees. No bond was required when letters were issued, because all the next of kin were aliens and the assets were distributable by direction of a foreign jurisdiction. Now, however, a change has come by the

presence of the distributees in this, country, and accordingly a distribution under the direction of this court.

The administrator should therefore file a bond in the penalty of $5,000.