METROPOLITAN TRUST CO. OF CITY OF NEW YORK v. STALLO et al.
(No. 6863.)

(Supreme Court, Appellate Division, First Department.   March 12, 1915.)

1. EXECUTORS AND ADMINISTRATORS ⬥473, 474—ACCOUNTING AND SETTLEMENT—REMEDY.

An administrator, which at the time of appointment was a creditor of the estate holding collateral security, which had sold security for payment of its claim, and held a part of the proceeds of such sale, as well as certain securities to which claims were made by parties other than the estate or those ultimately entitled to it, might maintain an action for a general accounting to ascertain its chargeability to the estate in cash or securities, and what valid claims, if any, were held by any of the defendants against money or securities in its hands as apparent assets of the estate, in which every question as to the amount of the estate, the claims against it, and the administrator's liability for its act or failure to act as such, might be raised and determined.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2041–2060; Dec. Dig. ⬥473, 474.]

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. COURTS** ⊛═480—STAY OF PROCEEDINGS IN ANOTHER COURT.

The Supreme Court, sitting as a court of equity, may, in a proper case, stay a proceeding in another court, and may restrain the prosecution of a proceeding as to which the Surrogate's Court has concurrent or exclusive jurisdiction; and the case for such restraint is strengthened where the commencement of the action in the Supreme Court antedates the commencement of the action or proceeding sought to be enjoined.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1270–1278; Dec. Dig. ⊛═480.]

**3. INJUNCTION** ⊛═28—RELIEF—STAY OF PROCEEDINGS IN SURROGATE'S COURT.

Pending an action by an administrator for a general accounting to ascertain its chargeability to the estate, and the valid claims, if any, held by any of the defendants against money or securities in its hands as apparent assets of the estate, a defendant therein instituted a proceeding in the Surrogate's Court for the plaintiff's removal as administrator, so as to afford an opportunity to charge it with loss suffered by the estate in consequence of its mismanagement or its wrongful acts in relation to the interests and assets of the estate. *Held*, that as the administrator was able to respond to any amount for which it was liable to account, and as such matters might be raised and determined in the action, and as other questions in which other defendants were interested could not be determined in the proceeding for removal, such proceeding would be enjoined pendente lite.

[Ed. Note—For other cases, see Injunction, Cent. Dig. §§ 62–65; Dec. Dig. ⊛═28.]

**4. EXECUTORS AND ADMINISTRATORS** ⊛═17—QUALIFICATION—SECURED CREDITOR.

The fact that plaintiff was a secured creditor of an estate was not of itself a legal objection to its acting as administrator, there being no inconsistency in the two relations, and since a proper plaintiff might invoke the aid of a court of equity, making the interested parties defendants, in which the rights of all would be fully protected.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 43–59; Dec. Dig. ⊛═17.]

**5. EXECUTORS AND ADMINISTRATORS** ⊛═35—REMOVAL—PURPOSE.

A proceeding to remove an administrator is not one to punish him, but to protect the estate.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 227–262; Dec. Dig. ⊛═35.]

Laughlin and McLaughlin, JJ., dissenting.

Appeal from Special Term, New York County.

Action by the Metropolitan Trust Company of the City of New York, individually and as administrator of the estate of Alexander McDonald, deceased, against Laura McD. Stallo and others, impleaded, etc. From orders denying a motion for an injunction pendente lite plaintiff appeals. Orders reversed, motion to vacate temporary injunction denied, and motion for injunction pendente lite granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

John G. Milburn, of New York City (Walter F. Taylor, of New York City, on the brief), for appellant.

Rockwood & Haldane, of New York City (Nash Rockwood, of New York City, of counsel), for respondents.

⊛═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

SCOTT, J.  [1] The nature of this action and the relief sought therein are stated at length in the opinion handed down herewith on appeal from an order sustaining a demurrer to the complaint.  152 N. Y. Supp. 173.  For the purpose of this opinion it is sufficient to say that plaintiff is the administrator of the estate of Alexander McDonald, deceased, that it was at the time of its appointment a creditor of the estate, holding collateral security for its debt, that it has sold such security for the payment of its claim, and that it now holds a part of the proceeds of such sale, as well as certain securities with reference to which claims have been made by persons other than the estate or those ultimately entitled to it.  The judgment sought is a general accounting, in which it may be ascertained with what plaintiff is chargeable, in cash or securities, as administrator, and what valid claims, if any, are held by any of the defendants against money or securities in plaintiff's hands which are apparently assets of the estate for which it is administrator.  It seems to be quite plain that every question respecting the amount of the estate, the valid claims against it, and the liability of plaintiff for its acts or failure to act as administrator, can be raised and determined in this action, and it is not easy to see how they can all be determined otherwise than in this or some similar action, except by a series of actions, which latter course would inevitably result in much confusion and probably great expense to the estate.

Immediately after this action had been commenced, the defendant Laura McDonald Stallo, one of the two next of kin of the intestate, instituted a proceeding in the Surrogate's Court for the removal of plaintiff as administrator of the estate of said Alexander McDonald, deceased.  An order was subsequently made by the Surrogate's Court granting the prayer of the petitioner.  This order was reversed for reasons not affecting the question now under consideration.  Matter of McDonald, 160 App. Div. 86, 145 N. Y. Supp. 267; Id., 211 N. Y. 272, 105 N. E. 407.  By the orders entered on the appeal referred to the whole matter was remitted to the Surrogate's Court, which, as is conceded, has sole and exclusive authority, in the first instance, to act upon a petition for the removal of an administrator.  The present application is for a temporary injunction restraining the defendant Laura McDonald Stallo from prosecuting, during the pendency of this action, the above mentioned proceeding instituted by her for the removal of this plaintiff as administrator as aforesaid, and from instituting or prosecuting any other action or proceeding concerning or affecting any of the matters set forth in the complaint herein.

[2] The authority of the Supreme Court, sitting as a court of equity, and indeed its duty, in a proper case, to stay proceedings in another court, is so well established that it will not be questioned.  The only inquiry is as to when a proper case is presented.  See Erie Railroad Co. v. Ramsey, 45 N. Y. 637; 4 N. Y. Annotated Digest, 948.  Nor is it an insuperable objection to such an injunction that it restrains the prosecution of proceedings as to which the Surrogate's Court has concurrent or exclusive jurisdiction.  Bettigrew v. Foshay, 12 Hun, 483; Van Sinderen v. Lawrence, 50 Hun, 272, 3 N. Y. Supp. 25; Schlesinger v. Schlesinger, 157 App. Div. 633, 142 N. Y. Supp. 729.

While the jurisdiction and authority of the Supreme Court to restrain the prosecution of proceedings in other tribunals are not necessarily determined by the priority of institution, the case for such restraint is much ·strengthened when, as in this case, the commencement of the action in the Supreme Court antedates the commencement of the action or proceeding sought to be enjoined. In Schuehle v. Reiman, 86 N. Y. 270, the Court of Appeals said:

"Where the object of two legal proceedings is the same, convenience, as well as a proper regard for the rights of a debtor and creditor, require, if possible, that the fund in which both are interested should be subjected to diminution by one litigation only, and the parties themselves spared the unnecessary labor and expense of conducting two controversies over the same matter. It would seem, also, that if both tribunals, whose interference has been invoked, have equal or concurrent jurisdiction, it should. continue to be exercised by that one whose process was first issued."

In Ludwig v. Bungart, 48 App. Div. 613, 63 N. Y. Supp. 91, the 'present Chief Judge of the Court of Appeals, writing for the Appellate Division, said:

"While it has many times been held that the Supreme Court may properly decline to take cognizance of a matter over which the Surrogate's Court has concurrent jurisdiction, such refusal does not seem to be authorized, unless the jurisdiction of the Surrogate's Court has already been invoked. The rule is that, where both tribunals have equal jurisdiction, the cause should be retained and disposed of in the forum where judicial action was first sought."

To the same effect are Garlock v. Vandevort, 128 N. Y. 374, 28 N. E. 599; Matter of Farrell, 125 App. Div. 702, 110 N. Y. Supp. 41; Matter of Ayrault, 81 Hun, 107, 30 N. Y. Supp. 654, affirmed on opinion below 146 N. Y. 389, 42 N. E. 542; and many other cases.

[3] In considering whether the case at bar presents a proper occasion for the exercise of this undoubted jurisdiction of the Supreme Court, we may properly look at the grounds set forth in the petition as a reason for the removal of the administrator, not for the purpose of passing upon the sufficiency of those grounds, for that is a matter to be passed upon by the Surrogate's Court, but for the purpose of determining the imminence of the necessity, if necessity there be, for the consideration of the question whether or not the administrator should be removed.

It is to be noted in the first place that there is no suggestion anywhere that plaintiff is not amply able to respond to any judgment or order which may be made fixing the amount for which it is liable to account, and no claim is made that the assets of the estate are liable to loss or diminution by reason of the insolvency of plaintiff. By reference to the petition it appears that the sole ground upon which the removal of the administrator is sought is the claim on the part of the petitioner that plaintiff, occupying the dual position of administrator and secured creditor, failed to credit upon said loan certain sums which should have been credited thereon, sold the collateral securing such debt in violation of an alleged oral agreement to extend the due date of said debt, and improvidently or wrongfully sold said collateral se-

curities at a less price than should have been obtained for them. Thus it appears that every failure or dereliction of duty charged against plaintiff as administrator is something which has already been fully accomplished, and that the questions presented as arising therefrom are questions which can be appropriately raised and disposed of in this action, the principal object of which is to judicially and finally determine for what plaintiff is chargeable to the estate of which it is administrator. The gravamen of the petition is contained in its twenty-eighth and twenty-ninth paragraphs, which follow the somewhat detailed statement of the several derelictions from duty charged against the administrator. These paragraphs read as follows:

"XXVIII. That said Metropolitan Trust Company admits a part of your petitioner's claim and denies the remainder, and that your petitioner and said Metropolitan Trust Company are unable to arrive at an agreement as to the amount of its liability and it is necessary to sue said Metropolitan Trust Company for an accounting, for which reason it is necessary that some person not interested adversely to your petitioner should be appointed administrator of the estate of said Alexander McDonald, who will bring suit forthwith against said Metropolitan Trust Company for an accounting and for damages.

"XXIX. That said Metropolitan Trust Company occupies a dual position of administrator and creditor of said estate, and is not in position to properly protect the rights and interests of your petitioner in said estate. Said trust company, in selling and disposing of said securities as herein stated, has failed to protect the interests of the estate of said deceased, and has recklessly and willfully caused loss and damage thereto, and has disregarded its duty as administrator, and has thereby derived large pecuniary advantage."

It thus appears that the purpose sought to be achieved by the removal of plaintiff as administrator is to afford an opportunity to charge plaintiff with the loss suffered by the estate in consequence of its mismanagement of the estate, or its wrongful acts in relation thereto. We are unable to see any reason why the appellant and her sister will not be in a perfect position to raise any such question as they may be advised in the present action. The natural result of superseding plaintiff as administrator would be to require it to account to the new administrator. Upon such an accounting these questions would at once present themselves and have to be passed upon. They can equally well be raised and passed upon in this action; but the other questions, in which other defendants are interested, could not be determined in an accounting proceeding in the Surrogate's Court. It cannot be questioned that the Supreme Court is a tribunal better equipped than the Surrogate's Court to determine such a claim as that which petitioner says she wishes to assert against plaintiff, and which is the real ground upon which she seeks plaintiff's removal. Yet it is quite possible, and even probable, that the action of the Surrogate upon the petitioner's application would operate as res adjudicata of that very serious question. Demarest v. Darg, 32 N. Y. 281; Culross v. Gibbons, 130 N. Y. 447, 29 N. E. 839; Leavitt v. Wolcott, 95 N. Y. 212; Smith v. Zalinski, 94 N. Y. 519.

[4, 5] The mere fact that plaintiff was at one and the same time administrator of the estate and a creditor thereof is not alone a legal objection to its acting as administrator. It was a creditor when it was appointed, and very probably was selected as administrator for

that very reason. At all events, there is no inconsistency in the two relations. Upon 'the whole, we see many reasons why the prosecution of the action for plaintiff's removal as administrator should be stayed until final judgment in this action, and we find no reason, in the interests of the estate, why it should not be.

In this action an opportunity is afforded, such as could not be afforded in any proceeding in the Surrogate's Court, to litigate every question that any person interested in the estate may desire to raise, and, so far as any allegation is made to the contrary, the continuance of plaintiff in office as administrator during the pendency of this action will not subject the estate to jeopardy of loss or depreciation. A proceeding to remove an administrator is not one to punish him, but to protect the estate. Matter of Monroe, 142 N. Y. 484–491, 37 N. E. 517. In that case the administrator was also a secured creditor of the estate, and the charge against him was similar to that made against the plaintiff, to wit, that he had been guilty of wrongdoing, to the damage of the estate, in realizing upon the collateral securities. Referring to that charge the Court of Appeals said:

"The mere fact that the interest of the administrator individually was opposed to that of the estate in the matter now under consideration presented no embarrassment and did not require his removal from office. A proper plaintiff could have invoked the aid of a court of equity, making the interested parties defendants, and the rights of all would have been fully protected."

This opinion is peculiarly apposite to the present appeal.

The orders appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.

INGRAHAM, P. J., and CLARKE, J., concur.

LAUGHLIN, J. (dissenting). It is quite clear, and is conceded, that the respondent Laura McDonald Stallo instituted on sufficient charges properly presented (see Matter of McDonald, 160 App. Div. 86, 145 N. Y. Supp. 267, affirmed 211 N. Y. 272, 105 N. E. 407), a proceeding in the Surrogate's Court in which the appellant was appointed administrator of the estate of Alexander McDonald, deceased, for the removal of appellant as such administrator, and that the Surrogate's Court has *sole and exclusive* authority to determine such charges and to remove the administrators.

The administrator sought by an application for an injunction in this action to restrain said respondent from prosecuting the proceeding in the Surrogate's Court, pending this action, which would enable it to remain in charge of this action as administrator, and to so mold and present the same as to further its individual interest as a creditor of McDonald at the expense of his estate, for it brings the action in the dual capacity for itself and as representing the estate, and in both capacities is asking the court to ratify and confirm its acts upon which the charges for its removal are predicated. When in Matter of McDonald, supra, this court and the Court of Appeals remitted the matter to the Surrogate's Court to proceed with the charges, it ap-

peared quite as fully as now that the alleged acts of misconduct and of hostility to the estate on the part of the administrator had been performed, and that the administrator was able financially to answer to those interested in the estate, and if that were a sufficient reason for not removing the administrator there would have been no occasion for ordering the charges heard.

Moreover, it now further appears that the administrator in bringing this action for the judicial approval of its alleged acts of misconduct is further proceeding in hostility to the interests of the estate, which constitutes further ground for its removal. See Lichtenberg v. Herdt-felder et al., 103 N. Y. 302, 8 N. E. 526; Matter of West, 40 Hun, 291, affirmed 111 N. Y. 687; [1] Matter of Gleason, 17 Misc. Rep. 510, 41 N. Y. Supp. 418. See, also, Pyle v. Pyle, 137 App. Div. 568, 122 N. Y. Supp. 256, affirmed 199 N. Y. 538, 92 N. E. 1099. In Matter of Moulton, 10 N. Y. Supp. 717,[2] the Surrogate's Court in the exercise of its discretion had refused to revoke the letters of administration, and the order was affirmed on the ground that the facts disclosed did not as matter of law require the removal of the administrator, and that the judicial discretion had not been improperly exercised. By appealing from the order denying the motion, the appellant is now asking this court, which has no jurisdiction to hear such charges or to remove an administrator, in effect to enjoin the Surrogate's Court from exercising its statutory functions in performing its statutory duties, notwithstanding the charges, which, if true, show that the administrator has violated its trust, and that its interests are diametrically opposed to those of the estate, and that it should be removed at once, in order to permit a disinterested representative to take charge of the interests of the estate involved in, or that may be affected by, the action. It is no answer to this contention to say that those interested in the estate are parties defendant herein, and may thus, in representing themselves, indirectly protect the estate, for the Surrogate's Court may well deem that they are entitled to have the estate represented by a disinterested administrator, and to have the expenditures made by it in prosecuting or defending actions inure to the benefit of the estate, and not to its individual advantage and to the detriment of the estate.

If, in the circumstances of this case, it be within the jurisdiction of the Supreme Court thus indirectly to enjoin the proceeding in the Surrogate's Court, I think it would be an undue exercise of jurisdiction to do so, for the basis required to be shown by the provisions of section 604 of the Code of Civil Procedure for granting such relief does not exist here. The case here presented is one in which said respondent might well have asked for a stay of proceedings in this action until the determination of her application for the removal of the administrator. It is, of course, competent for a court of general jurisdiction to enjoin proceedings in a court of concurrent jurisdiction, where the issues are the same and may all be determined in the court

[1] 19 N. E. 286.

[2] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 57 Hun, 589.

of general jurisdiction; but there is, I think, no precedent for issuing an injunction in an action pending in a court of general jurisdiction, in effect, enjoining proceedings in an action or proceeding in another court having exclusive jurisdiction of the subject-matter sought to be restrained, and if it be within the jurisdiction of the Supreme Court to so extend the doctrine, I think it should not be done for no emergency requires it. See Paxton v. Patterson (Sup.) 10 N. Y. Supp. 303; Id., 12 N. Y. Supp. 563; [1] Savage v. Allen, 54 N. Y. 458; Hamilton v. Cutting, 60 App. Div. 293, 70 N. Y. Supp. 118; Wallack v. Society, etc., 67 N. Y. 23; Norfolk & New Brunswick Hosiery Co. v. Arnold, 143 N. Y. 265, 38 N. E. 271; Edgell v. Clarke, 19 App. Div. 199, 45 N. Y. Supp. 979. It may be said that the appellant is not asking that the proceeding in the Surrogate's Court be enjoined, and that there is no attempt to prevent that court from exercising its statutory functions. But if the petitioner in that proceeding be enjoined from prosecuting it, that enjoins the proceeding as effectually as if the injunction ran against the court.

The learned counsel for the appellant contends that the issues arising on the charges against it in the Surrogate's Court are in part the same as those which will arise herein, and that if the proceeding for the removal of the administrator be not enjoined, findings may be made therein that will be binding herein. The learned counsel for the respondents claims that none of the issues will be the same, and that no finding in the proceeding for the removal of the administrator will be conclusive on any fact in this action. It is unnecessary to consider the merits of the respective contentions on that point, for I regard it as immaterial to the decision of the question now presented. There is no presumption that the Surrogate's Court, in so far as it is authorized to determine questions of fact, is not as competent to do so as any other court. If, however, the appellant prefers to be assured that none of the questions of fact in this action involved herein shall be determined in the Surrogate's Court, it has only to resign as administrator to accomplish that result; and if it shall so resign, I think its successor should be enjoined, pending this action, from requiring it to account, at least with respect to any matters at issue or involved herein, or during the pendency of any other action brought in a court of competent jurisdiction to determine therein, for manifestly the Surrogate's Court has not jurisdiction to decide such issues, and they must be decided before there can be a final accounting by the administrator.

I therefore vote for affirmance.

McLAUGHLIN, J., concurs.

