In the Matter of the Estate of LUCILLE BURNS, Deceased. RICHARD J. McDERMOTT, Appellant; EDWARD P. BURNS, Respondent.

Third Department, May 10, 1956.

*Richard F. Russell* and *William B. Byrne, Jr.,* for appellant.

*N. Joseph Friedman* for respondent.

Coon, J. Lucille Burns, the decedent, died on October 13, 1955, as the result of a collision between an automobile in which she was riding and a New York Central locomotive. On the following day, October 14, 1955, an ex parte petition for limited letters of administration for the purpose of prosecuting the alleged cause of action against the New York Central for the wrongful death of decedent was filed by respondent. On October 17, 1955, a decree was entered directing the issuance of such letters to respondent.

Decedent was survived by the respondent, her husband, and Barbara E. Burns, a two-year-old daughter. Petitioner-appellant is decedent's father, and he seeks revocation of the limited letters of administration on the ground that respondent had abandoned decedent prior to her death, within the provisions of subdivision (c) of section 87 of the Decedent Estate Law, and consequently is not entitled to share in her estate and therefore is not entitled to letters under section 118 of the Surrogate's Court Act.

If the petition herein be accepted as true, it would appear that respondent and decedent lived together for approximately one week following their marriage, and that respondent then abandoned his wife and refused to provide for her thereafter except as he was compelled to by court order. The Surrogate indicates in his opinion that such compulsory contributions to the support of the wife precluded a finding of abandonment. If the allegations of the petition be true to the effect that respondent left his wife approximately one week after the marriage and did not reside with her thereafter or display any interest in her or *his* child or make any voluntary contributions to their support, a serious question is presented whether compulsory support payments alone would relieve the respondent from a finding of abandonment. (Cf. *Matter of Rechtschaffen,* 278 N. Y. 336.) Moreover, the statute denies a distributive share " to a husband who has neglected *or* refused to provide for his wife, *or* has abandoned her ". (Decedent Estate Law, § 87; emphasis supplied.) The very fact that court orders were necessary to compel support might suggest " neglect " or " refusal."

However, we may not decide this question upon the present record because of procedural difficulties involved. It is asserted in respondent's brief that the matter " was duly and fully submitted to the Surrogate for decision as a question of law ". All that is in the record before us are the petition and an answer

which denies many material allegations of the petition and asserts affirmative defenses. No evidence was taken and no hearing was held. It so happens that the Surrogate is also the Children's Court Judge of the county. In his opinion he refers to Children's Court records pertaining to respondent and the decedent (which are not in the record before us) and various other matters apparently within his personal knowledge. Such other matters referred to by the Surrogate are not in this record. For all we know the very Children's Court order directing respondent to contribute may have been based upon a finding of abandonment or at least neglect by respondent. Moreover, the Surrogate refers in his opinion to the answer filed on behalf of respondent and to affirmative defenses alleged therein, which may not be done if his decision is based on a motion to dismiss on the law, when only the petition may be considered. We are aware of the fact that proceedings in Surrogate's Court are frequently informal. However, when an appeal is taken a proper review is not possible unless the record contains everything upon which the decision below was based.

It was suggested by respondent's counsel upon argument that it was agreed, because the Surrogate was personally familiar with the parties and with all the facts, that it be left to him to decide the matter as a question of law. We find no such agreement or concession on the part of appellant's counsel in the record. In fact, we do not even find a motion to dismiss the petition, but instead, an answer which denies many material allegations of the petition. In such a situation, with no evidence whatever, no reviewable record is presented, and it is clear that a hearing must be held at which evidence is taken. (*Matter of McDonald,* 160 App. Div. 86, affd. 211 N. Y. 272; 2 Warren's Heaton on Surrogate's Courts, § 132, par. 5.)

The decree should be reversed, on the law, and the matter remitted to the Surrogate's Court for further proceedings not inconsistent herewith.

FOSTER, P. J., HALPERN, ZELLER and GIBSON, JJ., concur.

Decree reversed, on the law, and the matter remitted to the Surrogate's Court for further proceedings not inconsistent herewith.