In the Matter of the Estate of ISIDOR FARBER, Deceased. SARA FARBER et al., Respondents; ROCHELLE BERKOWITZ et al., Appellants. — In a proceeding to revoke letters testamentary issued to appellants, the appeal is from a decree of the Surrogate's Court, Kings County (Bloom, S.), dated November 30, 1982, revoking letters testamentary and removing appellants as executors. This appeal also brings up for review an intermediate order of same court, dated September 16, 1982, as amended by an order of the same court, dated September 22, 1982. Decree reversed, without costs or disbursements, and matter remitted to the Surrogate's Court, Kings County, for an evidentiary hearing consistent herewith. The Surrogate's decision to remove appellants as executors was based upon his determination that the "estate cannot be terminated in an expeditious manner while the present fiduciaries remain in office". However, SCPA 711 requires a showing of improvident management of assets, misconduct in the execution of duties or unfitness for office before removal is justified. "[T]he courts are required to exercise the power of removal sparingly and to nullify the testator's choice only upon a clear showing of serious misconduct that endangers the safety of the estate" (*Matter of Israel,* 64 Misc 2d 1035, 1043). The record before us does not contain such clear showing of serious misconduct. In fact, no evidence whatever was adduced with respect to the numerous factual questions presented. While proceedings in Surrogate's Court often tend to be informal, we are unable to properly review the Surrogate's determination without a full record containing all of the information upon which it was based (*Matter of Burns,* 1 AD2d 505, 507). The order dated September 16, 1982, as amended by the order dated September 22, 1982, directs the coexecutors to pay a sum of money to Sara Farber "without prejudice to the parties to adjust these sums on the final accounting". Therefore, the question of the propriety of those orders need not be addressed at this time. Bracken, J. P., Brown, Niehoff and Boyers, JJ., concur.