■ In the Matter of the Estate of LEROY W. VAN ZANDT, Deceased. VIRGINIA VAN ZANDT, Appellant; JANE SUMMERS et al., Respondents. (Proceeding No. 1.) In the Matter of the Estate of LEROY W. VAN ZANDT, Deceased. VIRGINIA VAN ZANDT, Appellant; BANK OF NEW YORK, Respondent. (Proceeding No. 2.) In the Matter of the Estate of LEROY W. VAN ZANDT, Deceased. VIRGINIA VAN ZANDT, Appellant; JOAN BELL, Respondent. (Proceeding No. 3.) In the Matter of the Estate of LEROY W. VAN ZANDT, Deceased. VIRGINIA VAN ZANDT, Appellant; JANE SUMMERS, Respondent. (Proceeding No. 4.)—In (1) a proceeding, inter alia, to enlarge the time to file a statutory notice of right of election by a surviving spouse pursuant to EPTL 5-1.1 (c) against the last will and testament of Leroy W. Van Zandt, deceased (proceeding No. 1); (2) a proceeding, inter alia, to revoke letters of trusteeship issued to the Bank of New York under the last will and testament of Leroy W. Van Zandt, deceased (proceeding No. 2); (3) a proceeding, inter alia, to revoke letters testamentary issued to Joan Bell under the last will and testament of Leroy W. Van

Zandt, deceased (proceeding No. 3); and (4) a proceeding, *inter alia,* to revoke letters testamentary issued to Jane Summers under the last will and testament of Leroy W. Van Zandt, deceased (proceeding No. 4), the petitioner appeals from an order of the Surrogate's Court, Rockland County (Edelstein, S.), dated December 15, 1983, which denied the petitions in proceedings Nos. 1, 3 and 4, and dismissed the petition in proceeding No. 2.

Order reversed, without costs or disbursements, petitions reinstated, and matters remitted to the Surrogate's Court, Rockland County, for a plenary hearing or hearings, as the court may direct, consistent herewith.

The petitioner is the surviving spouse of the decedent, Leroy W. Van Zandt. The parties were married in January 1981. One month prior to their marriage, the petitioner and the decedent executed a prenuptial agreement in which both parties waived any statutory right or claim they might possess to a share of each other's estate.

The decedent died on July 17, 1982, and his last will and testament was admitted to probate on October 29, 1982. Under the terms of the will, the petitioner was entitled to share in the income of a trust to be administered by the executors of the estate. Letters testamentary for the estate were issued, in accordance with the terms of the will, to the petitioner as well as to the decedent's two daughters, Jane Summers and Joan Bell. Letters of trusteeship were also issued on or about February 14, 1983 to the Bank of New York and the estate's attorney, C. Robert Clemensen.

In or about September 1983, petitioner instituted proceeding No. 1 in which she sought, *inter alia,* an enlargement of her time to file a notice of her statutory right of election against the decedent's will pursuant to EPTL 5-1.1 (c). In her petition for that relief, the petitioner alleged that she was fraudulently induced into executing the prenuptial agreement with the decedent. Essentially the petitioner claimed that the decedent had concealed the full extent of his wealth and had misrepresented the exact terms of the prenuptial agreement. Coexecutrices Summers and Bell opposed the application in proceeding No. 1 and challenged the petitioner's allegations of fraud and misrepresentation.

During September 1983 the petitioner also commenced proceedings Nos. 2, 3 and 4, seeking *inter alia,* to revoke the letters of trusteeship issued to the Bank of New York and the letters testamentary issued to coexecutrices Bell and Sum-

mers, respectively. These petitions alleged that the bank, Bell and Summers failed to promptly fund the trust created pursuant to the terms of the decedent's will, which delay resulted in a loss of income to the petitioner. The petitions also contained allegations of mismanagement of the trust by the bank and the estate assets by coexecutrices Bell and Summers. Bell and Summers served answers to the respective petitions, in which they denied the petitioner's allegations of financial mismanagement of the trust and estate assets. The bank also filed an answer in opposition to the petition in proceeding No. 2, and moved to dismiss that petition for failure to state a cause of action.

The Surrogate's Court, without the benefit of a plenary hearing, denied the relief requested in proceedings Nos. 1, 3 and 4 and dismissed the petition in proceeding No. 2. With respect to proceeding No. 1, the court concluded that the petitioner failed to allege sufficient facts to establish that the prenuptial agreement dated December 22, 1980 had been fraudulently induced by the decedent. Thus, the petitioner's request for an extension of her time to file a late notice of election against the will was denied. Similarly, in proceedings Nos. 2, 3 and 4, the court determined that the petitioner's allegations of mismanagement of estate and trust assets by Bell, Summers and the Bank of New York were without merit. Accordingly, the relief requested in the petitions in proceedings Nos. 3 and 4 was denied and, upon the bank's motion, the petition in proceeding No. 2 was dismissed.

Based on the facts of this case, we conclude that the Surrogate's Court erred in denying the relief requested in the four proceedings without conducting a hearing or hearings. The petitioner's allegations of fraud and misrepresentation in proceeding No. 1 and of financial mismanagement of trust and estate assets in proceedings Nos. 2, 3 and 4, which are contradicted by Bell, Summers and the bank, raise triable issues of fact which should only be resolved after a plenary hearing or hearings (see, Matter of McDonald, 160 App Div 86, affd 211 NY 272; see also, Matter of Delmonico, 188 NY 589). Accordingly, the matter is remitted to the Surrogate's Court, Rockland County, for a plenary hearing or hearings on the petitions. Mollen, P. J., Gibbons, Rubin and Kooper, JJ., concur.