OPINION OF THE COURT
Albert J. Emanuelli, S.
*301 By decision dated November 27, 1996 in the Blank estate, the court denied the objectant’s application to revoke preliminary letters issued to the nominated executor, and directed a hearing. In the Britton estate involving the same individual "fiduciary herein”, again nominated as executor, the court sua sponte directed a hearing on his eligibility to serve as a fiduciary. The two matters, involving the same issue, were heard together on May 21, 1997.
BACKGROUND
The nominated executor, an attorney, was suspended from the practice of law for a period of two years by the Appellate Division, Second Department, on July 5, 1996. Four charges leveled against him were sustained, including: commingling of assets; failure to distinguish a special (escrow) account from a regular bank account; filing a lawsuit that he knew was merely harassment (Code of Professional Responsibility DR 7-102 [A] [1] [22 NYCRR 1200.33 (a) (1)]); knowingly advancing a claim or defense that is unwarranted under existing law (Code of Professional Responsibility DR 7-102 [A] [2] [22 NYCRR 1200.33 (a) (2)]) for which he was sanctioned below. Considered too by this court was his prior disciplinary history which included an April 9, 1990 letter of admonition for engaging in a conflict of interest, a letter of caution dated October 12, 1990 from the Grievance Committee regarding a breach of strict obligations as an escrow agent and a letter of caution dated February 14, 1994 from the Grievance Committee for engaging in conduct adversely reflecting on his fitness to practice law.
THE HEARING
At the hearing on May 21, 1997, the Special Referee subpoenaed by the fiduciary and who was appointed by the Appellate Division to hear and report was questioned by the fiduciary’s counsel, the attorney for the objectant in Blank, and by the court. He stated that there was no evidence of any client of the fiduciary losing one penny as a result of his actions or inactions. The Referee also testified that at no point in the hearing before him did he conclude that the attorney fiduciary was not telling the truth or being completely forthright.
Upon examination by the court, the fiduciary acknowledged that he was in error in not putting money collected on behalf of a client in a separate escrow account. These funds were deposited directly into his operating account. He further stated that he was aware of the possible consequences of instituting a *302 lawsuit against a former client who reported him to the Grievance Committee, but he felt he could distinguish his case from established precedent. In spite of these clear warnings, he pursued the action anyway.
" '[C]ourts are required to exercise the power of removal [of a fiduciary] sparingly and to nullify the testator’s choice only upon a clear showing of serious misconduct that endangers the safety of the estate’ ”. (Matter of Farber, 98 AD2d 720, quoting Matter of Israel, 64 Misc 2d 1035, 1043.) On the other hand, the words of Chief Judge Cardozo ring loud and clear concerning the duties and responsibilities of a fiduciary: "A[n] [executor] is held to something stricter than the morals of the market place. Not honesty alone, but the punctilio of an honor the most sensitive, is then the standard of behavior. As to this there has developed a tradition that is unbending and inveterate. Uncompromising rigidity has been the attitude of courts of equity when petitioned to undermine the rule of undivided loyalty by the 'disintegrating erosion’ of particular exceptions”. (Meinhard v Salmon, 249 NY 458, 464.)
DISCUSSION
Counsel for the attorney has stressed throughout these proceedings that his client was not dishonest as that term is defined in the statute regarding fiduciary eligibility. However, there are other qualities of character that must be investigated by the court in this exercise.
"Letters may issue to a natural person or to a person authorized by law to be a fiduciary except as follows:
"1. Persons ineligible * * *
"(e) one who does not possess the qualifications required of a fiduciary by reason of substance abuse, dishonesty, improvidence, want of understanding, or who is otherwise unfit for the execution of the office.” (SCPA 707 [1] [e].)
The same language is employed in listing those fiduciaries already in office whose letters can be revoked, modified or suspended by reason of disqualification or misconduct (see, SCPA 711 [8]).
Want of understanding as a ground for objection to the issuance of letters means an absence of intelligence sufficient to comprehend the nature and extent of fiduciary duties (see, 10A Cox-Arenson-Medina, NY Civ Prac ¶ 707.09 [d] [1]). Improvidence refers to habits of mind and conduct which become a part of the man and render him generally, and under all *303 ordinary circumstances, unfit for the trust or employment in question (Matter of Flood, 236 NY 408; see also, Matter of Dolansky, 196 Misc 802).
The attorney’s admission that he erred in failing to create an escrow account and his professed ignorance as to the consequences of such failure, exhibit a lack of understanding of fiduciary duties. The handling of monies for a client can easily be equated to the handling of assets for those interested in an estate.
Bringing a lawsuit against a complainant before a Grievance Committee, knowing such was unauthorized, was an improvident act on the attorney’s part. Such activity, if pursued as. a fiduciary, could lead to serious consequences for the estate.
Moreover, the entire disciplinary history of this attorney fiduciary reveals a pattern of disregarding his fiduciary responsibilities and the strict standards imposed. The accumulation of these acts and/or omissions demonstrates a want of understanding and improvidence to act as a fiduciary and no proof was offered by the fiduciary to the contrary.
CONCLUSION
On the totality of the evidence, the court finds that the attorney is not qualified to serve as a fiduciary in either the estate of Blank or the estate of Britton and is, therefore, found to be ineligible in other estates in this court until further order of this court.