In the Matter of the Estate of BURDETTE L. GREENWAY, Deceased. THOMAS D. GREENWAY et al., Appellants; LUCILLE P.

BEEBEE, Respondent. [661 NYS2d 60] —Cardona, P. J. Appeal from an order of the Surrogate's Court of Tompkins County (Barrett, S.), entered October 22, 1996, which dismissed petitioners' application to revoke letters of administration which were granted to respondent.

On March 25, 1996, decedent died intestate leaving no surviving spouse or children. Letters of administration were granted by Surrogate's Court to respondent, decedent's mother. Petitioners are decedent's brother and also decedent's long-time companion, who alleges that she is a creditor of the estate. Petitioners commenced this proceeding seeking to revoke the letters of administration contending, *inter alia*, that respondent was incompetent and disqualified to act as the fiduciary because she had abandoned decedent as a child (*see*, SCPA 711; EPTL 4-1.4) and also made false statements in her petition for letters of administration. Respondent denied the allegations in her answer and raised various affirmative defenses. Thereafter, respondent moved to dismiss the petition based on her defense that necessary parties had not been joined. Petitioners opposed the motion and cross-moved pursuant to SCPA 711 and 712 to suspend respondent as the fiduciary pending an evidentiary hearing. Respondent opposed the cross motion on the merits. Surrogate's Court, without addressing the motion to dismiss for failure to join necessary parties, dismissed the petition and affirmed the prior issuance of the letters of administration. Petitioners appeal.

In our view, Surrogate's Court acted prematurely in dismissing the petition without an evidentiary hearing. While it is not necessary for Surrogate's Court to conduct a hearing in cases where facts are undisputed, "[w]here * * * the respondent interposes an answer which denies a material fact contained in the petition and no motion is made to dismiss [for failure to state a cause of action], the Surrogate must conduct a hearing" (2 Cox-Arenson-Medina, NY Civ Prac, SCPA 713.02, at 7-209; *see, Matter of Burns*, 1 AD2d 505, 507; *Matter of McDonald*, 160 App Div 86, 87, *affd* 211 NY 272; *see also, Matter of Thieriot*, 188 NY 589). Although the proof was sufficient for Surrogate's Court to deny petitioners' request to temporarily suspend respondent as the fiduciary, the record, under the circumstances herein, was insufficient to finally determine the factual issues presented on the merits.

Mercure, White, Casey and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as dismissed the petition on the merits; matter remitted to Surrogate's Court of Tompkins County for

further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.