█ DOROTHY LIANZA et al., Appellants, v. FRANCIS MARX et al., Respondents. (And a Third-Party Action.) — In an action pursuant to article 15 of the Real Property Actions and Proceedings Law, plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County, entered December 18, 1970, after a nonjury trial, as dismissed the complaint and adjudged that defendants have a valid and unencumbered title in fee to certain real property and that plaintiffs are barred from asserting a claim to any estate or interest in the property. Judgment reversed insofar as appealed

from, on the law and the facts, with costs; it is declared that plaintiffs have an easement of necessity, by foot and vehicle, over tax Lot 130, Block 8164, Section 24, known as Smith's Lane; and case remanded to Special Term for further proceedings in accordance with the views herein set forth. Title to a 10-acre area was acquired by John H. Ireland in 1890. He later conveyed the parcel now owned by plaintiffs to one Zanoni. The lands surrounding the Zanoni property were all owned by Ireland and the only means of access to that property then and since have been through a lane known as Smith's Lane. Consequently, there has been, continuously, a right of way by necessity through Smith's Lane to the subject parcel (*Palmer* v. *Palmer*, 150 N. Y. 139; *Spencer* v. *Kilmer*, 151 N. Y. 390; *Paine* v. *Chandler*, 134 N. Y. 385). That right of way was preserved in the tax deed by which defendants took title to the portion of Smith's Lane here involved (see *Pagano* v. *Kramer*, 21 N Y 2d 910). We note that the deed from Ireland to Zanoni did not create an easement by implied grant (cf. *Gerbig* v. *Zumpano*, 7 N Y 2d 327; *Matter of City of New York* [*Northern Blvd.*], 258 N. Y. 136). The trial court should take testimony to determine the appropriate method of preserving to plaintiffs their right of way by necessity without unduly burdening defendants by converting Smith's Lane into a public thoroughfare (see, e.g., *Messer* v. *Leveson*, 23 A D 2d 834). Hopkins, Acting P. J., Martuscello, Cohalan, Brennan and Munder, JJ., concur.