■ RHETTA FELTON, Respondent-Appellant, v EMILY M. BOXER et al., Appellants-Respondents.—In an action by a landowner, *inter alia,* to enjoin interference with an alleged easement of right of way, (1) the parties cross-appealed from a judgment of the Supreme Court, Putnam County, dated February 22, 1978, which, *inter alia* (a) held that the plaintiff is the holder of a valid easement and right of way over the land in question and (b) granted defendant Emily Boxer the right to maintain a fence and an unlocked gate across the easement and right of way and (2) defendants purportedly appeal from an order of the same court dated December 30, 1977, which was entered upon a motion to reargue the decision upon which the judgment was based. Appeal by defendants from the order dated December 30, 1977 dismissed. No appeal lies from an order entered upon a

motion to reargue a decision. Judgment affirmed. The plaintiff is awarded one bill of costs to cover both appeals. The record supports, by clear and convincing evidence, the trial court's finding of an easement in favor of the plaintiff over the disputed dirt way. We find that the language of the reservation in the deed in question clearly and unequivocally established an easement in fee and not merely a right of way limited to the immediate grantor. In addition, the trial court did not abuse its discretion in allowing defendant Emily Boxer to maintain only an unlocked gate across the road. In view of the hazard to public safety that a locked gate across the dirt way would pose, as well as the animosity between the parties, it was not a viable alternative (see *Lianza v Marx*, 45 AD2d 1018, 1019). Hopkins, J. P., Damiani, Rabin and Mangano, JJ., concur.