■ CHARLES CARLO, JR., et al., Respondents, v EMERY LUSHIA et al., Appellants, et al., Defendant.—Casey, J. Appeal from a judgment of the Supreme Court (Viscardi, J.), entered April 3, 1987 in Clinton County, upon a decision of the court, without a jury, in favor of plaintiff Charles Carlo, Jr.

At issue on this appeal is whether Supreme Court erred in finding that plaintiff Charles Carlo, Jr. (hereinafter plaintiff) had an easement by necessity over land owned by defendants Emery Lushia and Rita Lushia (hereinafter defendants) in the Town of Chazy, Clinton County. "A way of necessity arises where there is a conveyance of a part of a tract of land of such nature and extent that either the part conveyed or the part retained is 'landlocked'; that is, it is entirely surrounded by the land from which it is severed, or by this land and the land of strangers" (1 Rasch, New York Law and Practice of Real Property § 750, at 466-467; see, Palmer v Palmer, 150 NY 139, 146-147).

For the sake of clarity, we will refer to the two parcels at issue herein as the "landlocked parcel" and the "accessible parcel". The parcels are adjacent to each other and the accessible parcel is bounded on one side by Atwood Road. The landlocked parcel was acquired in 1945 by Alphonse Goodrow. In 1949, Goodrow acquired the accessible parcel, but in 1953 that parcel was conveyed to defendants by Referee's deed following a mortgage foreclosure. The next year, 1954, Goodrow conveyed the landlocked parcel to Randall Jenette. In 1964, the administratrix of Jenette's estate leased the land-

locked parcel to David Donivan and plaintiff, with an option to purchase, which the lessees exercised. Plaintiff purchased Donivan's interest in the landlocked parcel in 1966 and has paid all real estate taxes on the parcel since 1966. It appears that a roadway across the accessible parcel from Atwood Road to the landlocked parcel existed since at least 1954. It also appears that prior to executing the lease in 1964, plaintiff asked defendants for permission to use the roadway, which was granted. Plaintiff thereafter used the roadway until 1979, when one of defendants' sons told him to stop crossing defendants' property. This action to declare an easement by necessity ensued, and defendants appeal from the judgment declaring that plaintiff has an easement by necessity across the accessible parcel owned by defendants. We affirm.

The documents to which the parties stipulated at the beginning of the trial clearly establish the necessary chain of title to the two parcels at issue. In light of the stipulation, we find no merit in defendants' contention that Supreme Court erred in relying on the documents since they were not formally marked as having been received into evidence. Based upon this documentary evidence and the testimony at trial, there can be little doubt that the two parcels were at one time owned by the same person and that the conveyance of the accessible parcel to defendants left the other parcel landlocked, giving rise to an easement by necessity across the accessible parcel *(see, Lianza v Marx,* 45 AD2d 1018). The required unity of title has been established *(cf., Kent v Dutton,* 122 AD2d 558).

As to the element of necessity, "the necessity must exist in fact and not as a mere convenience" *(Heyman v Biggs,* 223 NY 118, 126). Since the implied easement at issue here was, in effect, reserved by the grantor when the accessible parcel was conveyed, strict necessity must be shown *(see, Paine v Chandler,* 134 NY 385, 388). Defendants contend that plaintiff's proof is inadequate on the issue of necessity since plaintiff has failed to establish lack of other access. Defendants base this argument on the fact that Goodrow, the common grantor of the two parcels, acquired the landlocked parcel from the Miner Foundation which was and still is the owner of property adjacent to the landlocked parcel. According to defendants, Goodrow may have acquired an easement by necessity across the Foundation's property when he acquired the landlocked parcel from the Foundation. However, when Goodrow subsequently acquired the accessible parcel now owned by defendants, any necessity for an easement across the Founda-

tion's property expired and, therefore, any easement by necessity across these lands was extinguished (see, Palmer v Palmer, 150 NY 139, 147, supra).

We agree with Supreme Court that despite the absence of a deed, plaintiff has established sufficient interest in the land-locked parcel to maintain this action. For the reasons set forth, the judgment should be affirmed.

Judgment affirmed, with costs. Kane, J. P., Casey, Weiss, Mikoll and Mercure, JJ., concur.