■ NORMAN LEVY, Individually and as Father and Natural Guardian of DANIEL LEVY, an Infant, Appellant, v BLUE CROSS AND BLUE SHIELD OF GREATER NEW YORK, Respondent.—Harvey, J. Appeal from an order of the Supreme Court (Connor, J.), entered May 5, 1989 in Columbia County, which, *inter alia,* denied plaintiff's motion for reargument and renewal of a prior motion.

Plaintiff's child suffers from diabetes. Following a dispute with defendant over the scope of insurance coverage provided by defendant for medical expenses related to the infant's condition, plaintiff commenced this suit seeking compensatory and punitive damages based upon allegations of breach of contract and bad faith. Defendant defaulted on the complaint and its motion to vacate the default was denied. This court affirmed that denial (124 AD2d 900). Since by defaulting defendant only conceded issues of liability, we declined to consider the propriety of plaintiff's request for punitive damages *(supra,* at 901-902). Thereafter, defendant successfully moved to strike plaintiff's claim for punitive damages. Plaintiff did not appeal this decision but instead made a motion to reargue or renew. Supreme Court denied plaintiff's motion and this appeal followed.

Supreme Court originally granted defendant's motion to dismiss the demand for punitive damages based on the deficiency of the allegations contained in the complaint *(see, Fleming v Allstate Ins. Co.,* 106 AD2d 426, *affd* 66 NY2d 838, *cert denied* 475 US 1096) and also on the basis that punitive damages are not available on claims regulated by the Employee Retirement Income Security Act of 1974 (hereinafter ERISA; *see,* 29 USC § 1144 [a]; *see also, Pilot Life Ins. Co. v Dedeaux,* 481 US 41). Plaintiff had vigorously opposed defendant's motion, contending that ERISA did not apply in this case because plaintiff was "not presently in the employ" of the company whose insurance plan he had participated in. After this argument failed plaintiff then brought his motion to renew or reargue, contending that Supreme Court "either was unaware of or overlooked" the allegedly critical fact that plaintiff was *never* an employee of the organization through which he obtained his health insurance coverage. Plaintiff

contends that if the court truly realized this fact it would not have granted defendant's motion because, as a nonemployee, plaintiff could allegedly not have benefited from the protections of ERISA and, therefore, should not be penalized by its limitations.

Defendant disputes these assertions, but regardless of the merit of plaintiff's arguments as to the ERISA issue, it should be noted that Supreme Court also granted defendant's motion to dismiss the complaint based upon the sufficiency of plaintiff's pleadings and this order was not appealed from. In any event, it is clear that since plaintiff's own employment history must have previously been known to him, his motion to renew and reargue fails to allege any new or previously unknown facts *(see, Matter of Jones v Marcy,* 135 AD2d 887, 888) and, therefore, must be considered a motion to reargue instead of a motion to renew. Since the denial of a motion to reargue is not subject to review *(see, Gray v Steger,* 150 AD2d 962, 964), the instant appeal must be dismissed.

Appeal dismissed, without costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.