■ Morton Sunshine et al., Appellants, v George M. Danbury et al., Respondents.—Yesawich Jr., J. Appeals (1) from an order of the Supreme Court (Torraca, J.), entered October 19, 1990 in Ulster County, which, *inter alia,* granted defendants' motions to dismiss the complaint for failure to prosecute, (2) from the judgments entered thereon, and (3) from an order of said court, entered July 1, 1991 in Ulster County, which denied plaintiffs' motion for reargument.

In July 1985 plaintiffs, residents of Sullivan County, commenced this action seeking ejectment, damages and a determination of title to certain real property. The suit is directed at individuals who claim to own individual lots in a subdivision built, without plaintiffs' consent or participation, upon land allegedly owned by plaintiffs in the Town of Shandaken, Ulster County. Defendants Allen Shiner and Judith G. Shiner (hereinafter the Shiners) and the remaining defendants (hereinafter defendants) answered, asserting a number of affirmative defenses. Examinations before trial, requested by plaintiffs, defendants and the Shiners, have never taken place and

the latter's August 11, 1987 demands upon plaintiffs for a bill of particulars and disclosure were not responded to until June 28, 1990, when they were included as attachments to plaintiffs' cross motion for, *inter alia,* an order establishing a discovery schedule.

In April 1988 plaintiffs' original counsel withdrew and, by court order, retained plaintiffs' file until they paid counsel's fee. Then, in December 1988, while plaintiffs, who apparently have limited means, were still without counsel, the Shiners served a 90-day notice pursuant to CPLR 3216. Prior to the expiration of the 90 days, the Shiners' counsel and plaintiffs' current counsel, who was considering whether to take plaintiffs' case, agreed to a one-month extension, the exact terms of which they now dispute. In any event, plaintiffs' counsel avers that the Shiners' counsel agreed not to move to dismiss the complaint during that one-month period and that, should he or any other attorney take plaintiffs' case during that time, "the 90 day notice [would] not be effective as to the client or the attorney". In April 1990, plaintiffs' files were damaged when a fire destroyed the office of their counsel.

Thereafter, Supreme Court granted the Shiners' and defendants' motions to dismiss plaintiffs' complaint for want of prosecution (CPLR 3216), neglecting to comply with discovery demands (CPLR 3126) and failing to state a cause of action (RPAPL 1515); plaintiffs' previously adverted to cross motion was denied. An order implementing the court's decision was entered October 19, 1990. Plaintiffs appeal from that order, the judgments entered thereon and also from an order entered July 1, 1991 denying their subsequent motion to reargue. We reverse.

Dismissal of plaintiffs' complaint for failure to prosecute was error. Given that defendants never served a written demand for a note of issue upon plaintiffs as required by CPLR 3216 (b) (3), the relief afforded by this rule is unavailable to them *(see, Flushing Natl. Bank v Carat Contr. Co.,* 176 AD2d 797; *Juracka v Ferrara,* 137 AD2d 921, 923, *lv dismissed* 72 NY2d 840, *lv denied* 74 NY2d 642). With regard to the Shiners, although it is undisputed that plaintiffs failed to comply with their 90-day demand, the papers submitted in response to the Shiners' motion to dismiss, including plaintiffs' and their counsel's affidavits, a bill of particulars, a reply to discovery demands and an abstract and record of title by a professional land surveyor, are sufficient to demonstrate a meritorious cause of action. And, in light of plaintiffs' counsel's representation that he believed, as evidenced by a March

13, 1989 letter which the Shiners' counsel admits receiving, that the 90-day notice was ineffective, plaintiffs have shown a justifiable excuse for their failure to file a note of issue *(see,* CPLR 3216 [e]; *Austin v County of Madison,* 169 AD2d 1015, 1016).

Nor is dismissal of the complaint for noncompliance with CPLR 3126 warranted. The only discovery request made of plaintiffs by defendants was one for a deposition which they later agreed to adjourn *sine die.* As for the Shiners, they did demand a bill of particulars and disclosure, which demands plaintiffs did not respect until after the Shiners moved to dismiss. However, the Shiners have not satisfactorily shown that plaintiffs' failure to comply was "willful, contumacious or due to bad faith" *(Remuneration Planning & Servs. Corp. v Berg & Brown,* 151 AD2d 268, 269; *see,* 22 NYCRR 202.7). Furthermore, the complaint states a cause of action. Although it is true that it is not indicated in the complaint that the action was brought pursuant to RPAPL article 15 as required by RPAPL 1515 (1), this defect is not fatal for the complaint adequately alleges that plaintiffs are the owners of a parcel of land adversely possessed by the Shiners and defendants *(see,* RPAPL 1515 [1]; *Howard v Murray,* 38 NY2d 695, 699-700; *Miles v De Sapio,* 96 AD2d 970, 971).

Finally, we note that Supreme Court's order denying plaintiffs' motion to reargue is unappealable *(see, Burton v Coonrod,* 170 AD2d 882, 883). Plaintiffs' failure "to allege any new or previously unknown facts" belies their attempt to characterize their motion to reargue as one to renew *(see, Levy v Blue Cross & Blue Shield,* 162 AD2d 931, 932).

Weiss, P. J., Crew III, Mahoney and Harvey, JJ., concur. Ordered that the order entered October 19, 1990 and judgments entered thereon are modified, on the law, without costs, by reversing so much thereof as granted defendants' motions to dismiss the complaint and denied plaintiffs' cross motion; said motions denied and cross motion remitted to the Supreme Court for further consideration; and, as so modified, affirmed. Ordered that the appeal from order entered July 1, 1991 is dismissed, without costs.