■ WARREN PONEMON, Also Known as WARREN PONEMAN, et al., Respondents, v HOWARD W. VAN LOAN et al., Defendants, and LUCIANO COTTINI et al., Appellants.—Mercure, J. Appeals (1) from an order of the Supreme Court (Mugglin, J.), entered March 12, 1991 in Delaware County, which denied a motion by defendants Luciano Cottini and Genoveffa Cottini to compel acceptance of their answer, (2) from an order of said court, entered July 3, 1991 in Delaware County, which denied said defendants' motion for reargument, and (3) from an order of said court, entered December 11, 1991 in Delaware County, which, inter alia, granted plaintiffs' motion for a default judgment against certain defendants.

Plaintiffs commenced this RPAPL article 15 action against, among others, defendants Luciano Cottini and Genoveffa Cottini (hereinafter collectively referred to as defendants) to quiet title to property including a 50-foot right-of-way along Valley Road in the Town of Roxbury, Delaware County. Defendants were personally served with the summons and complaint on October 31, 1990. Although a verified answer was completed by November 2, 1990, it was not received by plaintiffs' counsel until December 17, 1990, at which time it was rejected as untimely. Supreme Court denied defendants' subsequent motion to compel acceptance of the answer (see, CPLR 3012 [d]) upon the ground that defendants offered no reasonable excuse

for the untimely service. Defendants then moved to "rehear, renew and redetermine [the] prior motion", which Supreme Court also denied. Finally, Supreme Court granted plaintiffs' subsequent motion for entry of judgment against defendants and others upon default. Defendants appeal from the orders entered on all three motions.

In our view, Supreme Court properly denied defendants' motion to compel acceptance of the answer. Although we reject plaintiffs' contention that defendants were required to establish a meritorious defense *(see, American Sec. Ins. Co. v Williams,* 176 AD2d 1094; *Better v Town of Schodack,* 169 AD2d 965; *Continental Cas. Co. v Cozzolino Constr. Corp.,* 120 AD2d 779)*, given defendants' failure to demonstrate a reasonable excuse for the admittedly brief delay Supreme Court acted well within its discretion in denying defendants' CPLR 3012 (d) motion *(see, Kam Yue Man v Mantione,* 174 AD2d 710, 711; *Peters v Pickard,* 143 AD2d 81, 82; *see also, Frederick v Thomas,* 174 AD2d 860, 861; *Merwitz v Dental Care Servs.,* 155 AD2d 748, 749-750; *but see, I.J. Handa, P. C. v Imperato,* 159 AD2d 484; *Matter of Prudential Prop. & Cas. Ins. Co. v Rothman,* 116 AD2d 652). The excuse offered by defendants for their failure to interpose a timely answer was that they required additional time to locate an existing survey of their property. However, as quite correctly noted by Supreme Court, this excuse was effectively nullified by the fact that the answer which was ultimately forwarded to plaintiffs is the very one which was completed on November 2, 1990 without the benefit of any such survey. Further, the defense interposed in defendants' proffered answer, that they "have obtained title to any portion of the lands claimed by the plaintiffs which transverses or touches their parcel by adverse possession for the prescriptive period", required no reference to a survey map. The current contention that the delay was caused by law office failure *(see,* CPLR 2005) was not raised in Supreme Court and lacks factual support in the record *(see, American Sigol Corp. v Zicherman,* 166 AD2d 628, 629; *Tandy Computer Leasing v Video X Home Lib.,* 124 AD2d 530, 531).

Supreme Court denied defendants' motion to "rehear, renew and redetermine" upon the ground that defendants had come forward with no further excuse for their pleading default. In our view, Supreme Court's determination amounts to a denial of a motion for reargument *(see, Di Nezza v Credit Data,* 166 AD2d 768, 769, *lv dismissed, lv denied* 77 NY2d 935; *Foley v Roche,* 68 AD2d 558, 567-568), which is not subject to review *(see, Levy v Blue Cross & Blue Shield,* 162 AD2d 931, 932;

Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2221:7, at 183). Finally, inasmuch as the record shows no opposition to plaintiffs' motion for judgment upon default, the order entered thereon may not be appealed *(see,* CPLR 5511).

Mikoll, J. P., Levine, Mahoney and Casey, JJ., concur. Ordered that the order entered March 12, 1991 is affirmed, with costs. Ordered that the appeals from orders entered July 3, 1991 and December 11, 1991 are dismissed.