■ DeGraff Moffly/General Contractors, Inc., Respondent, v Ronald S. Krolick, Appellant. [599 NYS2d 165] —Mercure, J. Appeal from an order of the Supreme Court (Keegan, J.), entered April 6, 1992 in Albany County, which, *inter alia,*

denied defendant's cross motion for summary judgment dismissing the complaint.

By order entered January 2, 1991, plaintiff was precluded from introducing at trial any evidence of a contract with defendant or of damages unless it complied with defendant's demand for statements, notice to produce and interrogatories within 30 days after service thereof with notice of entry. On February 7, 1991, one day following the expiration of the 30-day period, plaintiff moved pursuant to CPLR 2004 for an extension of time. Defendant cross-moved for absolute preclusion and for an order granting summary judgment dismissing the complaint upon the ground that plaintiff's assignee, First Indemnity of America Insurance Company, is a foreign corporation not authorized to do business in New York. While the motion was pending in Supreme Court, the assigned Justice died. The case was subsequently reassigned to another Justice, who granted the motion and denied the cross motion by order entered April 6, 1992. Defendant appeals and we affirm.

Initially, we reject the contention that the death of the originally assigned Justice terminated the motion and deprived the subsequently assigned Justice of authority to render a decision. Under the Individual Assignment System, the death or disability of an assigned Judge merely results in reassignment of the case to another Judge, who then has full authority to perform the functions of the assigned Judge, including determination of pending motions (see, 22 NYCRR 202.3 [a], [c] [1], [4], [5]). Supreme Court's error in relying upon CPLR 9002, applicable in a case where the initial Judge had already rendered a "verdict, report, decision or determination of a motion or special proceeding", does not alter our view.

Second, we perceive no compelling reason to disturb Supreme Court's exercise of its broad discretion to grant an extension of time for compliance with the conditional preclusion order, particularly in view of the mere one-day default and the fact that plaintiff moved for an extension of time prior to defendant's motion for absolute preclusion (see, A & J Concrete Corp. v Arker, 54 NY2d 870, 872; Dolgin Enters. v Central Adj. Bur., 118 AD2d 680, 680-681). Contrary to defendant's assertion, under the circumstances present here plaintiff was not required to submit an affidavit of merit (see, Ponemon v Van Loan, 188 AD2d 843, 844). Moreover, plaintiff's verified complaint and an affidavit of merit filed in connection with a prior motion would have satisfied such a requirement in any event.

Finally, in the absence of a competent evidentiary showing that First Indemnity is "doing business in this state without authority" (Business Corporation Law § 1312 [a]; *see, Alicanto, S. A. v Woolverton,* 129 AD2d 601, 602), Supreme Court properly denied the cross motion for summary judgment.

Weiss, P. J., Levine and Mahoney, JJ., concur. Ordered that the order is affirmed, with costs.