■ Lawrence E. Gardinier et al., Appellants, v Joseph P. Healey et al., Respondents, et al., Defendants. [635 NYS2d 728] —Spain, J. Appeal from an order of the Supreme Court (Tait, Jr., J.), entered July 28, 1994 in Madison County, which denied plaintiffs' motion to reinstate certain mechanic's liens.

In April 1992, plaintiff Lawrence E. Gardinier, doing business as plaintiff Hillside Homes, Inc., contracted to construct a house for defendants Joseph P. Healey and Phyllis M. Healey (hereinafter collectively referred to as defendants) on their property in the Town of Sullivan, Madison County. When defendants failed to make certain payments on the contract, plaintiffs filed two mechanic's liens against the property, the first in July 1992 for $37,000 and the second in August 1992 for $67,000. In July 1993, plaintiffs commenced an action to foreclose upon the liens.

On February 4, 1994, defendants demanded an accounting pursuant to Lien Law § 38, requiring plaintiffs to submit within five days a verified itemization of their claims. When plaintiffs had not done so by February 23, 1994, defendants petitioned Supreme Court under Lien Law § 38 for an order directing plaintiffs to furnish the verified statement or suffer vacatur of their liens. Plaintiffs then entered into a written stipulation with defendants, dated February 25, 1994, providing that if plaintiffs failed to provide defendants with a verified itemized statement of their claims by March 4, 1994, Supreme Court would cancel the liens.

When the verified statement had not been received by March 7, 1994, Supreme Court issued an order canceling plaintiffs' liens. While plaintiffs submitted unverified and insufficient claims to defendants on March 8, 1994, it was not until June 2, 1994 that plaintiffs finally submitted a verified statement in the form required by the parties' stipulation.

Plaintiffs thereafter moved before Supreme Court for an order reinstating the liens, averring that the failure to file the verified statement in a timely manner was the result of law office failure (*see*, CPLR 2005). Supreme Court denied the motion and plaintiffs appeal.

Plaintiffs argue that Supreme Court abused its discretion by

failing to reinstate the liens on the ground of law office failure. We disagree. A claim of law office failure will only be effective "upon a showing of reasonable excuse for delay or default" (CPLR 3012 [d]; see, CPLR 2005). Plaintiffs have made no such showing either before Supreme Court or on this appeal. They have stated only that it was somehow their attorney's fault that the statement was not submitted in a timely fashion. Plaintiffs' intonation of the phrase "law office failure", without more, is insufficient to excuse the delay in filing the statement which led to Supreme Court's vacatur of their liens (see, Ponemon v Van Loan, 188 AD2d 843; Lauro v Cronin, 184 AD2d 837, 839). We conclude that there was no abuse of Supreme Court's discretion here.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.