■ USHA SAHA et al., Appellants-Respondents, v DUANE C. RECORD et al., Respondents-Appellants. [762 NYS2d 693] —Crew III, J.P. Cross appeals from an order of the Supreme Court (Dawson, J.), entered February 7, 2002 in Clinton County, which, inter alia, granted defendants' motions for summary judgment dismissing the complaint.

The underlying facts are more fully set forth in this Court's prior decision in this matter (177 AD2d 763 [1991]). Briefly, in September 1986, plaintiff Usha Saha was granted senior probationary privileges in obstetrics and gynecology at defendant Champlain Valley Physicians Hospital (hereinafter the hospital). Following the denial of her application for full, unrestricted privileges by the hospital's board of directors in June 1989, Saha and her spouse, derivatively, commenced this action against defendants alleging, inter alia, breach of contract, defamation and tortious interference with contractual relations.[1] Defendants answered and moved to dismiss the complaint pursuant to CPLR 3211 (a) (7) and Supreme Court, inter alia, dismissed plaintiffs' causes of action for breach of contract and tortious interference with contractual relations. Upon cross appeals from that decision, this Court, insofar as is relevant to the instant appeal, reinstated the cause of action for tortious interference with contractual relations (*id.*).

Following several years of intermittent discovery, Supreme Court scheduled a compliance conference for December 3, 2001. Prior to this date, defendants Duane C. Record, Robert E. Davis, John R. Mazur, Kevin A. Downs, Robert J. Virostek, Associates in Obstetrics and Gynecology P.C. and OB-GYN of Northern New York P.C. (hereinafter the OB-GYN defendants) moved to dismiss the complaint pursuant to CPLR 3211 and/or CPLR 3212 and, further, sought an award of costs and counsel fees pursuant to 42 USC § 11113. The return date for this motion was set for November 13, 2001. Thereafter, by notice of motion dated November 8, 2001, the hospital and defendants

---

1. It appears from the record that Saha continues to practice at the hospital with restricted privileges.

Kevin Carroll, John C. Colver, William J. McBride, Wayne H. Byrne, Robert Potter, Robert Adler and Gary Fleming (hereinafter the hospital defendants) also moved for summary judgment dismissing the complaint and an award of costs and fees. Again, the return date for the motion was set for November 13, 2001. Supreme Court set the motions down for oral argument at the December 3, 2001 conference.

On November 26, 2001, and again on November 29, 2001, plaintiffs' counsel requested that Supreme Court adjourn the return date of the motions, citing the disruptions to its law practice occasioned by the September 11, 2001 terrorist attacks near their lower Manhattan offices. Supreme Court denied plaintiffs' written requests for an adjournment, but permitted counsel to reargue/renew such request at the December 3, 2001 conference. At the conclusion of oral argument, Supreme Court again denied the requested adjournment, rejected the affirmation offered by plaintiffs' counsel, closed the record and reserved decision. Ultimately, Supreme Court granted defendants' respective motions for summary judgment dismissing the complaint, which at that point were unopposed, but denied their requests for counsel fees. These appeals ensued.

Plaintiffs initially contend that Supreme Court abused its discretion in denying the requested adjournment. Under the particular circumstances of this case, we agree. CPLR 2004 permits a court to grant an extension of time "upon such terms as may be just and upon good cause shown, whether the application for extension is made before or after the expiration of the time fixed." Factors to be considered on an application for an extension include the stated reason for the delay, the length of the delay, any prejudice to the opposing parties, whether the moving party was in default prior to seeking the extension and, finally, whether an affidavit of merit has been proffered (*see Tewari v Tsoutsouras*, 75 NY2d 1, 12 [1989]).

Here, plaintiffs' first request for an extension, which does not appear in the record, was made less than two weeks after the return date of the OB-GYN defendants' motion.[2] As set forth in plaintiffs' second request for an extension, and as amplified at oral argument, counsel's offices, which were located one block from the World Trade Center, were closed for 2½ weeks following the September 11, 2001 terrorist attacks and the at-

---

**2.** The motion made by the hospital defendants also bore a return date of November 13, 2001, but our review of that motion reveals that it was not properly noticed, as the motion, which specified that answering affidavits be served at least seven days prior to the return date, was not served 12 days prior to the return date (*see* CPLR 2214 [b]).

torney primarily responsible for plaintiffs' case was displaced from his residence in Battery Park until some point in November 2001. Lead counsel also apparently was on trial for approximately two weeks during fall 2001 and had returned from a two-week vacation on the date of the compliance conference. Counsel further cited the ongoing disruption to the law practice caused by the terrorist attacks and the fact that, in his opinion, discovery was not yet complete.

While it is true that plaintiffs' request for an adjournment was made after the return date of defendants' motions, no single factor is dispositive. Here, given the brief delay, the stated basis for the requested adjournment, the apparent lack of prejudice to defendants and the merits of plaintiffs' remaining causes of action,[3] we are of the view that Supreme Court abused its discretion in denying plaintiffs the requested relief based *solely* upon the fact that the request was made following the return date of the underlying motions. In light of this conclusion, we need not address the propriety of Supreme Court's decision to grant defendants' motions for summary judgment and/or deny their request for costs and fees.

Peters, Spain, Rose and Kane, JJ., concur. Ordered that the order is reversed, on the law, without costs, and defendants' motions denied.

---

**3.** Although plaintiffs did not submit an affidavit of merit, their verified complaint, when read in conjunction with this Court's prior decision in this matter, is sufficient to demonstrate merit for the purpose of evaluating the request for the adjournment (*cf. DeGraff Moffly/Gen. Contrs. v Krolick*, 194 AD2d 964, 965 [1993]).