■ In the Matter of the Estate of LORETTA D. BURKICH, Deceased. SYLVIA D. NEWKERK, as Executor of LORETTA D. BURKICH, Deceased, Appellant; AMY BURKICH, Respondent. [785 NYS2d 137]—

Crew III, J. Appeal from an order of the Surrogate's Court of Hamilton County (Feldstein, S.), entered June 30, 2003, which, inter alia, granted respondent's motion for leave to file a late affidavit.

Petitioner, as executor of decedent's estate, filed a petition for partial judicial settlement of her intermediate accounting. Respondent, one of decedent's children, filed objections thereto, contending, among other things, that petitioner either improperly valued or simply failed to account for certain property in decedent's estate. Petitioner thereafter moved to dismiss respondent's objections, arguing that respondent failed to raise

triable issues of fact in regard thereto. On October 1, 2002, approximately four months after the return date of petitioner's motion to dismiss, respondent moved for leave to file a late affidavit opposing the motion to dismiss. Surrogate's Court, among other things, granted respondent's application and, upon electing to treat petitioner's motion to dismiss as one for summary judgment, denied the motion. This appeal by petitioner followed.*

We affirm. Except where otherwise expressly proscribed by law, CPLR 2004 vests a court with the discretion to "extend the time fixed by any statute, rule or order for doing any act, upon such terms as may be just and upon good cause shown," regardless of whether the application for the extension is made before or after the expiration of the time fixed. "Factors to be considered on an application for an extension include the stated reason for the delay, the length of the delay, any prejudice to the opposing parties, whether the moving party was in default prior to seeking the extension and, finally, whether an affidavit of merit has been proffered" (*Saha v Record*, 307 AD2d 550, 551 [2003] [citation omitted]).

Here, the stated reason for the delay was counsel's mistaken belief, based upon his prior experience in other counties, that an objectant to an accounting must be issued a citation with a return date set by Surrogate's Court (*see* SCPA 306). Counsel did not evidence any intent to simply abandon the underlying proceeding, the delay was not excessive under the circumstances and petitioner failed to demonstrate any prejudice as a result thereof. Inasmuch as law office failure has been held to constitute "good cause" for purposes of a CPLR 2004 application (*see Tewari v Tsoutsouras*, 75 NY2d 1, 12 [1989]; *Brusco v Davis-Klages*, 302 AD2d 674 [2003]), and given that respondent's objections to the accounting appear to have merit, we cannot say that Surrogate's Court abused its discretion in granting the requested extension.

Mercure, J.P., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.

---

* Respondent filed a separate appeal from the underlying order contesting the denial of her application to revoke letters testamentary issued to petitioner (*Matter of Burkich*, 12 AD3d 766 [2004] [decided herewith]).