█ In the Matter of the Estate of LORETTA D. BURKICH, Deceased. SYLVIA D. NEWKERK, as Executor of LORETTA D. BURKICH, Deceased, Respondent; AMY BURKICH, Appellant. [785 NYS2d 135]—

Crew III, J. Appeal from an order of the Surrogate's Court of Hamilton County (Feldstein, S.), entered June 30, 2003, which, inter alia, dismissed respondent's application to revoke letters testamentary issued to petitioner.

The relevant facts are more fully set forth in our decision in *Matter of Burkich* (12 AD3d 755 [2004] [decided herewith]). Briefly, this matter involves a dispute between petitioner, the executor of decedent's estate, and respondent, one of decedent's children,

regarding the proper administration of decedent's estate. Insofar as is relevant to the instant appeal, respondent sought to revoke letters testamentary issued to petitioner alleging, among other things, that petitioner improperly valued, failed to account for and/or failed to protect certain real and personal property belonging to decedent's estate. Petitioner answered and asserted, as an affirmative defense, that respondent's petition failed to state a cause of action. Various motions ensued, including one by petitioner to dismiss respondent's application. Surrogate's Court, inter alia, elected to treat petitioner's motion to dismiss respondent's application as one for summary judgment and, upon finding respondent's allegations of mismanagement insufficient to warrant the drastic remedy of removal, dismissed respondent's application. This appeal by respondent ensued.*

Respondent's sole contention on appeal is that Surrogate's Court erred in dismissing her application without first conducting an evidentiary hearing. In so doing, respondent relies upon this Court's prior decision in *Matter of Greenway* (241 AD2d 735 [1997]), wherein we held that " '[w]here . . . the respondent interposes an answer which denies a material fact contained in the petition and no motion is made to dismiss [for failure to state a cause of action], the Surrogate must conduct a hearing' " (*id.* at 736, quoting 2 Cox-Arenson-Medina, NY Civ Prac, SCPA ¶ 713.02, at 7-209 [bracketed language in original]). We find respondent's reliance upon that case to be misplaced and her argument, semantic in nature, to be unpersuasive.

In essence, respondent argues that because petitioner's motion to dismiss did not expressly invoke the magic words "failure to state a cause of action" as a basis for dismissal, Surrogate's Court could not dispose of the motion without conducting an evidentiary hearing. Respondent's argument in this regard ignores certain key points, including the fact that failure to state a cause of action indeed was raised as an affirmative defense in petitioner's answer to respondent's application and that Surrogate's Court, based upon the papers appended to the various related applications before it, including a transcript of petitioner's examination before trial testimony, elected to treat petitioner's motion to dismiss respondent's application as one for summary judgment and disposed of that and the remaining applications before it on the merits. For respondent to now argue that Surrogate's Court lacked a sufficient evidentiary basis for doing so is specious.

---

* Petitioner filed a separate appeal from the underlying order contesting, among other things, the propriety of Surrogate's Court's decision to grant respondent's motion for leave to file a late affidavit in a related aspect of this proceeding (*Matter of Burkich*, 12 AD3d 755 [2004] [decided herewith], *supra*).

As to the propriety of granting petitioner's motion, the case law makes clear that removal of a fiduciary is a "most serious" course of relief (*Matter of Duke*, 87 NY2d 465, 473 [1996]) and, further, not every breach of fiduciary duty warrants the corresponding removal of an executor (*see Matter of Petrocelli*, 307 AD2d 358, 359 [2003]). Based upon our review of the record as a whole, which we view as more than adequate for purposes of disposing of petitioner's motion, we agree with Surrogate's Court that, even assuming all of respondent's allegations of mismanagement to be true, such misdeeds or omissions are not sufficiently egregious to warrant the drastic remedy of revocation and removal. Accordingly, Surrogate's Court's order dismissing respondent's application to revoke letters testamentary issued to petitioner is affirmed.

Mercure, J.P., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.