AMERICAN PARA PROFESSIONAL SYSTEMS, INC., Appellant, v HOOPER HOLMES, INC., Respondent. AMERICAN PARA PROFESSIONAL SYSTEMS, INC., Respondent, v HOOPER HOLMES, INC., Appellant. [787 NYS2d 227]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered on or about May 21, 2003, which denied plaintiff's motion for a preliminary injunction, unanimously affirmed, without costs. Order, same court and Justice, entered September 25, 2003, which granted plaintiff's motion to dismiss defendant's counterclaims for failure to state a cause of action, unanimously affirmed, with costs.

Plaintiff alleges that it competes with defendant in the business of arranging paramedical examinations that insurance companies sometimes require before issuing a policy; that it conducts business through independent contractors with whom it enters into agency agreements; and that defendant tortiously induced one such agent to terminate the agency agreement and sell all of its assets to defendant, including lists of the agent's examiners and other business contacts, in breach of the noncompete and best-efforts clauses contained in the agency agreement. Plaintiff moved for a preliminary injunction prohibiting defendant from doing business with such contacts, but the motion was denied because, inter alia, the agency agreement did not prohibit an asset sale. Plaintiff presently concedes that it cannot establish irreparable injury as a result of the alleged tortious interference, and that a preliminary injunction is therefore unwarranted, but argues that the motion court's decision denying the preliminary injunction was permeated with error insofar as it addressed the merits of its claim. However, appeals can be taken only from orders, not decisions (CPLR 5512); in addition, a ruling on a preliminary injunction is not an adjudication of the merits (see *J.A. Preston Corp. v Fabrication Enters.*, 68 NY2d 397, 402 [1986]). Plaintiff's present arguments would therefore better be addressed to the IAS court as the case progresses.

Defendant's counterclaims allege that plaintiff tortiously interfered with defendant's purchase of the agent's assets, and also with defendant's prospective relations with examiners, agents and other business contacts, by obtaining copies of and making use of the agent's examiner, employee and agent lists

purchased by defendant. The agency agreement between plaintiff and the agent provided that in the event of its termination for any reason, the agent was to deliver to plaintiff "all of [its] books and records (other than books of account) in connection with [its] services performed for [plaintiff]." We find that this language is unambiguous (*see Matter of Wallace v 600 Partners Co.*, 86 NY2d 543, 548 [1995]), that the lists underlying defendant's tortious interference counterclaims are "books and records" but not "books of account," and that the counterclaims therefore lack merit (*see Chemical Bank v Ettinger*, 196 AD2d 711, 716 [1993]). The affidavit of the agent's principal setting forth his different understanding of this language does not avail defendant (*see W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 163 [1990]; *Moore v Kopel*, 237 AD2d 124, 125 [1997]). Defendant's counterclaim for tortious interference with prospective business relations fails for the additional reason that defendant does not allege that plaintiff used wrongful means such as physical violence, fraud, and lawsuits (*see NBT Bancorp v Fleet/Norstar Fin. Group*, 87 NY2d 614, 621-624 [1996]). Defendant's remaining arguments are unavailing. Concur—Nardelli, J.P., Tom, Saxe, Friedman and Sweeny, JJ.