■ WILLIAM T. MEYER, Respondent, v DONALD L. STOUT, Appellant. [846 NYS2d 535]—

Appeal from an order of the Supreme Court, Wyoming County (Mark H. Dadd, A.J.), entered August 2, 2006. The order, insofar as appealed from, denied in part defendant's motion to dismiss the amended complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff sold a portion of his property, including all the road frontage, to defendant. Although the parcel retained by plaintiff became landlocked, plaintiff reserved a right-of-way across an existing driveway and logging roads in the deed. Defendant thereafter began obstructing the right-of-way, however, and plaintiff commenced this action seeking legal and equitable relief. Contrary to the contention of defendant, we conclude that Supreme Court properly denied those parts of its motion seeking dismissal of the first, third and fourth causes of action pursuant to CPLR 3211 (a) (5) and (7).

With respect to CPLR 3211 (a) (5), we note that defendant, as limited by his brief on appeal, contends only that the fourth cause of action, for a permanent injunction, is time-barred. We reject that contention. Defendant failed to establish that the action was commenced after the applicable six-year statute of limitations had expired (*see* CPLR 213 [1]; *see also Filby v Brooks*, 105 AD2d 826, 828 [1984], *affd* 66 NY2d 640 [1985]; *Rahabi v Morrison*, 81 AD2d 434, 439 [1981]).

With respect to CPLR 3211 (a) (7), we note the well-established principle that, in determining whether to dismiss a complaint for failure to state a cause of action, the court must accept all of the allegations in the complaint as true (*see Polonetsky v Better Homes Depot*, 97 NY2d 46, 54 [2001]; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). The "sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail" (*Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *see Leon*, 84 NY2d at 87-88). Here, the factual allegations of the amended complaint state a cause of action for tortious interference with prospective business relations, the

first cause of action (*cf. Willis Re Inc. v Hudson*, 29 AD3d 489, 490 [2006]; *American Para Professional Sys., Inc. v Hooper Holmes, Inc.*, 13 AD3d 167, 169 [2004]; *see generally NBT Bancorp v Fleet/Norstar Fin. Group*, 87 NY2d 614, 621-624 [1996]).

The factual allegations of the amended complaint also state a cause of action for an easement by necessity, the third cause of action. Contrary to defendant's contention, an easement by necessity arises where a parcel of land is divided and either the land conveyed or the land retained is landlocked (*see Carlo v Lushia*, 144 AD2d 211 [1988]), and the fact that the deed granted an express easement is of no moment where, as here, the plaintiff has alleged that the easement that was granted by the deed has become unusable (*see Mobile Motivations, Inc. v Lenches*, 26 AD3d 568, 571 [2006]). Even assuming, arguendo, that plaintiff was required to bring this action under RPAPL article 15, we conclude that the fact that the amended complaint "is not in technical compliance with the requirements of RPAPL 1515 (1) and (2)" is not a fatal defect inasmuch as it sufficiently states a cause of action under that section (*De Ruscio v Jackson*, 164 AD2d 684, 686 [1991]; *see Howard v Murray*, 38 NY2d 695, 699-700 [1976]; *Sunshine v Danbury*, 181 AD2d 961, 963 [1992]).

Finally, we conclude that the factual allegations of the amended complaint state a cause of action for a permanent injunction, the fourth cause of action (*see Data-Track Account Servs. v Lee*, 291 AD2d 827 [2002], *lv dismissed* 98 NY2d 727 [2002], *rearg denied* 99 NY2d 532 [2002]; *cf. McDermott v City of Albany*, 309 AD2d 1004, 1005 [2003], *lv denied* 1 NY3d 509 [2004]; *McNeary v Niagara Mohawk Power Corp.*, 286 AD2d 522, 525 [2001]). Although the court refused to grant plaintiff's prior motion for a preliminary injunction, "[i]t is well settled that the granting or denial of a motion for a preliminary injunction does not constitute the law of the case or an adjudication on the merits of the claim for a permanent injunction" (*Ratner v Fountains Clove Rd. Apts.*, 118 AD2d 843, 843 [1986]). Present—Scudder, P.J., Hurlbutt, Fahey, Green and Pine, JJ.