JOHN C. DUDLEY III, Appellant, v ZANDRA RIOS-RIVERA et al., Respondents. [944 NYS2d 327]—

Peters, P.J. Appeal from an order of the Supreme Court (Kramer, J.), entered February 15, 2011 in Schenectady County, which, among other things, granted defendants' motion to dismiss the complaint.

Plaintiff commenced this medical malpractice action in January 2010. The complaint was accompanied by a document executed by plaintiff's counsel indicating that he had not received a complete set of plaintiff's medical records and that a certificate of merit would be provided within 90 days of the receipt thereof (*see* CPLR 3012-a [d]). In June 2010, defendants moved to dismiss the complaint or, alternatively, to compel plaintiff to file a certificate of merit, claiming that they had already provided plaintiff a copy of his medical records in their possession prior to the commencement of the action. In opposition, counsel for plaintiff submitted an affidavit and a certificate stating that plaintiff was still awaiting receipt of certain medical records and again affirming that a certificate of merit would be provided within 90 days of the receipt of those records pursuant to CPLR 3012-a (d). Nevertheless, Supreme Court issued a conditional order that the action would be dismissed if plaintiff did not provide a certificate of merit within 45 days of being served with the order and notice of entry. Before entry of that order, plaintiff identified at least three documents that he claimed defendants had failed to provide and requested, among other things, that defendants withdraw their motion. Defendants declined to do so and, after some disagreement over what paperwork was necessary to authorize the release of plaintiff's medical records, plaintiff submitted a demand and authorization for his medical records that was satisfactory to defendants. The conditional order was thereafter entered and served upon plaintiff on September 21, 2010. On October 28, 2010, plaintiff received a second set of his medical records from defendants which he claimed included previously undisclosed records.

On December 10, 2010, defendants moved to dismiss the action pursuant to the conditional order and plaintiff cross-moved for an extension of time to file a certificate of merit pursuant to CPLR 2004 and 2005. Plaintiff also moved to renew defendants' June 2010 motion to dismiss and to deny that motion as premature. On January 11, 2011, plaintiff filed a certificate of merit. After oral arguments on the motions, Supreme Court issued a decision from the bench denying plaintiff's motions and dismissing the complaint. Plaintiff appeals.

CPLR 3012-a (d) provides that "[i]f a request by the plaintiff

for the records of the plaintiff's medical . . . treatment by the defendants has been made and such records have not been produced, the plaintiff shall not be required to serve the certificate [of merit] until ninety days after such records have been produced." Here, from the outset of the litigation, plaintiff asserted that the medical records provided by defendants were incomplete. It was only upon receipt of a second set of his medical records from defendants on October 28, 2010 that he was able to confirm that there were previously undisclosed documents in the records provided by defendants. Notably, plaintiff filed a certificate of merit on January 11, 2011, within 90 days of receiving the purported last of his medical records from defendants, as well as within the 30-day extension requested in his CPLR 2004 motion. In view of this and the proffered affidavit demonstrating the potential merit of plaintiff's claim, and in the absence of any claim or demonstration of prejudice ensuing to defendants, we are of the view that Supreme Court abused its discretion when it denied plaintiff the requested relief and dismissed the complaint (*see Saha v Record*, 307 AD2d 550, 552 [2003]; *Knapek v MV Southwest Cape*, 110 AD2d 928, 930 [1985]; *St. Louis v Willey*, 92 AD2d 703, 704 [1983]).

Malone Jr., Kavanagh, Stein and Egan Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' motion to dismiss the complaint and denied plaintiff's cross motion for an extension of time to file a certificate of merit pursuant to CPLR 2004; defendants' motion denied and plaintiff's cross motion granted; and, as so modified, affirmed.