Lucky of 195 Madison St. Roofing & Contr. Inc. v Creif 109 LLC (2020 NY Slip Op 07315)





Lucky of 195 Madison St. Roofing & Contr. Inc. v Creif 109 LLC


2020 NY Slip Op 07315


Decided on December 08, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 08, 2020

Before: Acosta, P.J., Gische, Oing, González, Kennedy, JJ. 


Index No. 153437/17 Appeal No. 12580 Case No. 2020-01398 

[*1]Lucky of 195 Madison Street Roofing & Contracting Inc., Plaintiff-Appellant,
v
Creif 109 LLC, Defendant-Respondent, Bil-Man Asset Management, LLC, et al., Defendants.


Rivkin Radler LLP, Uniondale (Henry Mascia of counsel), for appellant.
Ganfer Shore Leeds & Zauderer LLP, New York (Mark A. Berman of counsel), for respondent.



Order, Supreme Court, New York County (Robert R. Reed, J.), entered November 8, 2019, which granted the motion of defendant Creif 109 LLC (Creif) to dismiss the complaint as against it, denied plaintiff's cross motion for leave to amend the complaint to add additional defendants, and denied plaintiff's motion to consolidate the action with a pending foreclosure action, unanimously modified, on the law, Creif's motion denied, plaintiff's cross motion for [*2]leave to amend granted, and plaintiff granted leave to renew its motion for consolidation at a later date, and otherwise affirmed, without costs.
Plaintiff commenced this action against Creif and others, alleging that the mortgages held by Creif, as mortgagee or assignee, were entered into by Allan James Stevo who was not an authorized signatory of plaintiff and had no authority to bind plaintiff. Accepting the facts as alleged as true, and according plaintiff every available inference, the amended complaint and proposed second amended complaint failed to state a cause of action against Creif for a judgment declaring the mortgages void because neither pleading alleged facts giving rise to the inference that Creif knew or should have known that Stevo lacked authorization to enter into the mortgage agreements (see Miller-Francis v Smith-Jackson, 113 AD3d 28, 34 [1st Dept 2013]; see generally Leon v Martinez, 84 NY2d 83, 87-88 [1994]). Plaintiff nevertheless demonstrated that it had a cause of action for a declaratory judgment against Creif through the averments of its Chief Executive Officer (CEO), which, taken together, give rise to the inference that Creif failed to require sufficient documents from Stevo to verify his authority to act on behalf of plaintiff or that Creif failed to take reasonable steps to confirm that the questionable documents presented by Stevo were valid (see Leon, 84 NY2d at 87-88).
Contrary to Creif's contention, the heightened pleading requirement of CPLR 3016(b) did not apply (see Lebovits v Bassman, 120 AD3d 1198, 1199 [2d Dept 2014]), and at this stage, plaintiff was not required to incorporate its CEO's averments into a proposed amended complaint. The documentary evidence submitted by Creif did not utterly refute plaintiff's allegations because Creif failed to establish that those documents were submitted to it by Stevo, or someone else, prior to the mortgage agreements. In any event, the documentary evidence failed to establish that the circumstances surrounding the mortgage agreements would not have led a reasonable, prudent lender to make inquiries.
Although the amended complaint did not satisfy all of the technical requirements of RPAPL 1515, it stated a cause of action to quiet title against Creif by alleging that plaintiff owned the property and that Creif held mortgages against the property (see Howard v Murray, 38 NY2d 695, 699 [1976]; East 41st St. Assoc. v 18 E. 42nd St., 248 AD2d 112, 114 [1st Dept 1998]; Meyer v Stout, 45 AD3d 1445 [4th Dept 2007])
Plaintiff should have been granted leave to amend its complaint to add Stevo and another individual as defendants (see generally McGhee v Odell, 96 AD3d 449, 450 [1st Dept 2012]). Creif cannot reasonably oppose the addition of those individuals where it argued that they were essential parties to the litigation. However, if plaintiff wishes to change the complaint in any way other than to add those individuals, it must make a new motion for leave to amend.
Consolidation of this action with a related mortgage foreclosure action, while available, was not warranted at this juncture (see generally CPLR 602; Geneva Temps, Inc. v New World Communities, Inc., 24 AD3d 332, 334 [1st Dept 2005]). However, plaintiff should have been given leave to renew its motion for consolidation at a later date because it appears likely that both this action and the mortgage foreclosure action will involve the common question of whether Creif and its assignees are bona fide encumbrancers.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 8, 2020